## BEARD v. SMITH.

1. SERVICE BY CORONER.   To render service of process by a coroner val-
   id, the partiality, prejudice, consanguinity, or interest of the sheriff
   either as a party to the action or otherwise, must be made reasonably
   manifest by the record.
2. ABATEMENT.   The insufficient service of a writ abates only the writ,
   and not the action.
3. SAME.   A motion to dismiss an action on the ground of insufficient
   service, should be made before demurrer or answer.

*Appeal from Winnesheik District Court.*

TUESDAY, JUNE 14.

REPLEVIN.   The writ was directed to the coroner.   De-
fendant moved to dismiss the action, for the reason that
"the papers do not show any authority for the coroner
to act in the premises."   This motion was sustained and the
suit dismissed.   Plaintiff appeals.

*Noble & Drummond*, for the appellant.

*L. A. Tappan* and *John T. Clark*, for the appellee.

WRIGHT, C. J.—The coroner performs the duties of the
sheriff, when there is no sheriff; or where in a court of
record, it happens that the sheriff is a party; or where an
affidavit is filed stating a partiality, prejudice, consanguinity,
or interest on the part of such officer.   Code, sections 183
and 184.

. The claim in this case is, that the sheriff is the party defendant. This does not sufficiently appear from the record. It is not alleged in the petition, and the only place in which it is referred to, is in the concluding part of the writ. But even there it is not stated that the defendant is the sheriff. The sheriff is the officer authorized by law to serve process in the first instance, and to make a service by the coroner as such, good, the disqualification of the sheriff, should be made reasonably manifest, and not be left to inference. If the sheriff is interested, or a party, or for any of the statutory reasons, an improper person to serve the process, it can be easily shown, and the writ thus receive an appropriate direction.

In this case, however, there was error in dismissing the suit: *first*, because the direction of the writ to the coroner instead of the sheriff, could only operate to abate the writ, and not the action. And in the *second* place, the motion was made *after* the defendant had demurred to, and answered, the petition.

It was manifestly made at too late a stage in the case to avail defendant.

. Judgment reversed.