## CURRENS v. RATCLIFFE.

1. SERVICE NOT MADE BY THE SHERIFF.  The credit given to a return of a writ of attachment made by a person especially appointed by the clerk to serve such process, must depend upon the validity of the appointment, which must accompany the return.  (Code section 185.)
2. SHOWING FOR SPECIAL APPOINTMENT.  Where the clerk in his appointment certified that it had been shown to him by affidavit that there was "no sheriff, deputy sheriff, or coroner, at the county seat of the county, nor in the county, *competent* to serve attachment process in the suit; but that they, and each of them, are absent from the county seat, and that several miles additional travel would be necessary in order to serve the process of attachment aforesaid, by the said officers;" *Held*, that the showing was insufficient, and the appointment was invalid.
3. WHEN PROCESS SHOULD BE DIRECTED TO THE CORONER.  When it is shown that the sheriff is an improper person to serve process by reason of his partiality, prejudice, consanguinity, or interest, the process should be directed to the coroner.  (Code, section 184.)
4. EFFECT OF AN ORDER TO QUASH.  The effect of an order sustaining a motion to quash the return of a writ of attachment, is to quash the levy made, and discharge the property from seizure.
5. NO PREJUDICE.  An order which is liable to objection, but which worked no injury to appellant, will not be regarded as sufficient cause for a reversal of the judgment of the court below.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 13.

ACTION on a promissory note. The petition contained allegations of cause for a writ of attachment, which was issued. The other facts necessary to an understanding of the case, are presented in the opinion of the court. The plaintiff appeals.

*Cole & Jewett*, for the appellant, relied upon the Code of 1851, section 185, 1876; *The People* v. *Covert*, 1 Hill 674; *The People* v. *Bartlett*, 6 Wend. 422; *The People* v. *White* 24 Ib. 539; *The People* v. *Stevens*, 5 Hill 616; *The People* v. *Cook*, 14 Barb. S. C. R. 259, and 258. 1 Phill. Ev. 107 and notes referred to.

STOCKTON, J—The plaintiff sued out a writ of attachment against the property of defendant, and by his attorney applied to the clerk of the District Court, to appoint a suitable person to execute the process; the attorney in support of the application making an affidavit to the effect, "that the sheriff of the county was partial in the administration of his office, and does not execute process to the best of his ability, in the manner required by law; that affiant verily believed he would be partial in the cause, and damage the plaintiff thereby, and that the coroner was absent from the county seat, and resided at the distance of two miles; that defendant was about to dispose of his property with intent to defraud his creditors, and had already disposed of a part thereof, with such intent; that both the sheriff and his deputy, and the coroner live two miles distant from the county seat, and that affiant believes that the plaintiff would be irretrievably damaged by the delay necessary in obtaining the said sheriff, deputy or coroner; that several miles additional travel would have to be made before process of writ of attachment could be executed by so doing." The clerk thereupon appointed one Elias Wolahan to execute the writ, who served the same by levying upon certain lands and

personal property of defendant.  The writ was returned together with a bond of defendant, with sureties approved by said Wolahan, conditioned for the delivery of the personal property to satisfy any judgment that might be obtained against defendant in the suit..

The defendant moved the court to quash the return to the writ of attachment for the reasons:  *First*, that the service and return was not made by a person authorized by law to make the same.  *Second*, because there was no showing of a state of case authorizing the clerk to appoint a person to execute the writ.  The motion was sustained, and the court further ordered that the affidavit made by plaintiff's attorney, be stricken from the files of the court.  The statute provides that "when there is is no sheriff, deputy sheriff or coroner *qualified to serve legal process*, the clerk of the District Court may, by writing, under his hand and the seal of the court, appoint any suitable person, specially, in such case to execute such process, who shall be sworn &c., and whose return shall be entitled to the same credit as the sheriff's, when the appointment is attached thereto."  Code, section 185.

The credit to be given to the return of the writ by Wolahan, must depend upon the validity of the appointment; which it is required shall accompany the return.  The clerk it will be seen by the section of the statute above quoted, is required in making the appointment to certify the fact "that there is no sheriff, deputy sheriff, or coroner, qualified to serve legal process."  No such fact is shown or certified in this instance. The clerk certifies "that it has been shown to him by the affidavit of the plaintiff's attorney that there is no sheriff, deputy sheriff, or coroner at the county seat of the county, nor in the county, *competent* to serve attachment process in the suit; but that they and each of them are absent from the county seat, and that several miles additional travel would be necessary in order to secure the service of the process of attachment aforesaid by the said officers; and upon this showing and certificate he appoints Wolahan to execute the writ.

There was no such state of facts shown to exist as author-

ized the clerk to appoint a person to execute the writ. It is not shown that there was "no sheriff, deputy sheriff, or coroner qualified to serve the writ." It is not necessary to determine the question whether it is competent for the court to go behind the appointment, and enquire whether the affidavit on which the appointment is made is sufficient. The appointment must show of itself that it was made upon a state of facts authorizing it to be made. In this respect the certificate of the clerk is wholly deficient. Where it appears from the papers that the sheriff is a party to the suit, or where it appears from the affidavit filed that he is incompetent, or an improper person to execute the process of the court, from partiality prejudice, consanguinity or interest, the court or clerk shall direct the process to the coroner. Code, section 184. But there is no law authorizing the clerk to appoint a person specially to execute the writ, upon an affidavit that the sheriff, and his deputy, and the coroner, reside two miles distant from the court house. No better reason than this is shown for the appointment of Wolahan, in this instance, in the certificate of the clerk accompanying the appointment.

The effect of the order of the court sustaining the defendant's motion, was to quash the levy made by Wolahan and release the property taken from the seizure. The clerk has omitted to make a formal entry to this effect. The omission, however, is not an error to the prejudice of the plaintiff. Nor can he complain of the order of the court to take from the files the affidavit of the plaintiff's attorney. We must understand the order to refer to the affidavit by virtue of which the appointment of Wolahan to serve the process was made. As the appointment of Wolahan has been held to have been made on insufficient showing, such holding amounted to a revocation of his appointment, and there was no prejudice to plaintiff in directing the affidavit which was the basis of it, to be taken from the files. The order of the court went beyond the motion of the defendant, and in this respect is liable to objection; but as there appears no sub-

stantial objection to the action of the court, by reason of any prejudice resulting therefrom to plaintiff, there is no suffi- reason for reversing the judgment.

Judgment affirmed.