MINOTT v. VINEYARD, Sheriff, &c.

1. QUASHING OF A WRIT: ABATEMENT. The quashing of a writ does not operate to abate the suit, following *Beard* v. *Smith*, 9 Iowa 50.

2. BY WHOM PROCESS SHOULD BE SERVED. When the disqualification of a sheriff to serve process does not apply to him personally, it may be served by his deputy; but when the disqualification is personal, as when he is interested, prejudiced or the like, the process should be directed to the coroner.

3. SPECIAL CORONER. The absence of the coroner from the county renders him *prima facie* incompetent to serve process; and upon a proper showing of the disqualification of the sheriff, deputy sheriff and coroner, a special coroner may be appointed by the clerk. When the disqualification is not made known before a writ is issued, it should be directed to the sheriff. When made known after the issuing of the writ, a certificate of the fact and the appointment of a special coroner may be endorsed on the back thereof.

4. QUALIFICATION OF A SPECIAL CORONER. A special coroner should be sworn, but need not give bond. Whether the certificate of appointment should refer to the fact that he was duly sworn, *quere?*

Minott v. Vineyard, Sheriff, &c.

*Appeal from Iowa District Court.*

SATURDAY, OCTOBER 6.

REPLEVIN against the defendant as sheriff, claiming certain property levied upon by virtue of an execution against Stepton and another.

The writ of replevin was directed as follows:

"*The State of Iowa, County of Iowa:*

To William D. Loveridge, special coroner, by the clerk of the District Court in said county and State, appointed specially for the purpose of serving this writ. It having been shown satisfactorily to said clerk, that the sheriff of said county is a party to this suit, and the qualified coroner of said county being absent from said county. Greeting,

Whereas, John H. Minott, &c."

Upon the said writ was this certificate:

"*The State of Iowa, County of Iowa:*

I, A. J. Morrison, clerk of the District Court, and State, do hereby depute William D. Loveridge special coroner to serve this writ of replevin, it appearing to me satisfactorily that the said writ is against the sheriff of said county, who is made defendant therein, and that the acting and qualified coroner of said county being absent from said county, and by the disqualification of said sheriff, and absence of the said legal coroner of our said county; therefore, know ye all whom it may concern, that William D. Loveridge is and by these presents is hereby qualified to serve this said writ of replevin, and his return shall be entitled to the same credit as if he was a legal acting coroner, he being by me first sworn to faithfully discharge the duties assigned to him, Wm. D. Loveridge.

In witness whereof, I have hereunto set my hand and caused the seal of the District Court in and for said county, &c. (Signed by the clerk and the seal of the court attached.)

Defendant moved to quash the writ and the return thereon

for reasons stated in said motion. This motion was sustained, the suit abated, return of the property awarded, with damages and costs.

*Murphy & McCullough* for the appellant.

*Worth & Miller* for the appellee.

WRIGHT, J.—The quashing of the writ would not have the effect of abating the suit. *Beard* v. *Smith*, 9 Iowa 50.

But was the writ properly abated? Our opinion is that it was not. If it appears from the papers in a cause that the sheriff is a party, or if an affidavit is filed with the clerk, stating, among other things, an interest on the part of the sheriff, the clerk is authorized to direct process to the coroner, and he is to execute it as if he were sheriff. When there is no sheriff, deputy sheriff or coroner qualified to serve legal process, the clerk is authorized by writing under his hand and the seal of the court certifying such fact, to appoint any suitable person specially in each case, to execute such process, who is to be sworn, but need not give bond, and his return, when the appointment is attached thereto, is entitled to the same credit as the sheriff's. Sections 184–5, Code of 1851.[1]

In this instance it appears upon the papers in the case that the sheriff was a party, and it was therefore not proper to direct the writ to him. The coroner, according to the certificate of the clerk, from the showing made to him, was absent from the county. If so, he was *prima facie* as much disqualified from serving this writ at the time, as if sick or from any cause unable to obey its command. And then,

---

[1.] The clerk, in his certificate of the appointment of a special coroner, recited that it had been shown to him by affidavit that "there was no sheriff, deputy sheriff or coroner at the county seat of the county, nor in the county, *competent* to serve attachment process in the suit, but that they, and each of them, are absent from the county seat, and that several miles additional travel would be necessary in order to serve the process of attachment aforesaid, by said officers." *Held*, that the showing was insufficient, and the appointment was invalid. *Currens* v. *Ratcliffe*, 9 Iowa 309.

while the deputy sheriff was not a party to the record or to the case, yet we think by reason of his relation to the defendant, he was not qualified to serve the writ. By section 411, the sheriff is made responsible for the acts of his deputy; and when the principal is disqualified on account of interest, prejudice, partiality, consanguinity, or from being a party to the record, his deputy is also. Cases may arise where the sheriff is disqualified, when the deputy could act. Thus, if the sheriff should be sick, absent from the county, or the like, and should have a deputy, it would be improper to direct the writ to the coroner. One object in giving the sheriff power to appoint a deputy, is, that there may be some person qualified to serve process in his absence or in those cases where he could act if present. But such deputy can not act where the disqualification applies to the sheriff personally, as that he is interested, prejudiced or the like.

It would be the duty of the clerk, if the disqualification of the sheriff did not appear or was not made known before, to direct his writ to that officer. When his disability and that of the coroner both appear, we see no objection to his directing the writ to the person so specially appointed. If, after the writ is issued, the interest or other disability of the sheriff, his deputy and coroner should be made to appear, then he may certify the same on the back of the writ, or have it attached to it and appoint some person specially. It is not necessary that the certificate or appointment should contain the oath of the appointee, nor refer to the fact that he was sworn with more particularity than was done in this instance. Whether the certificate need refer to it in any way, *quere?*

Reversed.