## SAUBMAN v. GREATRAKES.

### *Appeal from Butler District Court — Thursday, July 25.*

#### REPLEVIN.

ACTION in replevin for a colt, valued at $125, of which plaintiff claims to be the unqualified owner. Judgment was rendered for defendant for the value of the colt, and for costs. The plaintiff appeals. The facts of the case are stated in the opinion.

*Boies, Allen & Couch* for the appellant—*A. Converse* for the appellee.

COLE, J.—On the twenty-seventh day of November, 1868, plaintiff filed with the clerk of the district court of Butler county his petition in replevin for a colt valued at $125, of which he claimed to be the

unqualified owner. He executed bond, and procured a writ of replevin the same day; and afterward, by virtue of said writ, obtained possession of the colt. On the first of November, 1869, the defendant filed in the clerk's office his answer to the petition denying its allegations and averring his ownership of the property. Two days thereafter, and in term time, the plaintiff moved to strike the cause from the docket. This motion was overruled. On the next day the plaintiff was, on defendant's motion, required to produce the writ of replevin, or show what had become of it; and the cause was continued till the next term. At the next term, in June, 1870, the cause was regularly reached on the docket for trial; a jury was impaneled and sworn, and the counsel had stated their case to the jury, when the defendant moved for judgment for the value of the colt, because of plaintiff's default in producing the writ. Thereupon plaintiff admitted that he had obtained possession of the colt under the writ, and offered to show that, before the order was made, the writ had been sent to the clerk of the court, and that since then he had not seen it, and did not have it or know where it was. This, the court refused, and rendered judgment on the motion against the plaintiff for $125, the alleged value of the colt, and for costs.

The record does not disclose any sufficient legal, equitable or discretionary reason why the plaintiff was not permitted at that stage of the proceedings, to show, as he offered, that the writ was sent to the clerk before the order to produce it, or show what had become of it, was made; and also to show that the plaintiff had known nothing about it since. The writ had served its purpose, and while the order to produce it, or show cause, may have been proper, it had no such connection with the merits as to justify the judgment rendered in this case. See *Beard* v. *Smith*, 9 Iowa, 50.

Reversed.