THE EMPIRE MILL COMPANY v. LOVELL.

1.  Attachment: WRONGFUL: SALE OF PROPERTY UNDER: DAMAGES. When a debtor's goods are wrongfully seized and sold under an attachment, but the proceeds are applied to the payment of his debts, the measure of his damages for the wrongful attachment is not the value of the goods when seized, but the difference between that value and the amount realized upon their sale.

2.  Agency: ADMISSIONS OF AGENT TO BIND PRINCIPAL. The statements and admissions of an agent are not admissible in evidence against the principal, unless they are made at the time of the transaction to which they relate, and such transaction is within the scope of the agent's employment. Accordingly *held* that the statements of one of plaintiff's attorneys, made after the attachment in this case was sued out, were not admissible as against plaintiff to show malice in suing out the writ.

3.  Evidence: IRRELEVANT BUT HARMLESS. A cause will not be reversed for error in admitting irrelevant evidence, when it appears that no possible prejudice could result therefrom to appellant.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

FILED, JANUARY 31, 1889.

PLAINTIFF brought suit on a money demand, and sued out a writ of attachment. Defendant pleaded a counter-claim on the attachment bond for the wrongful suing out of the writ, on which he recovered. Plaintiff appeals.

*Pillsbury, Moats & Moats,* for appellant.

*Cook & Filkins* and *J. G. McOllough,* for appellee.

REED, C. J.—I. The property seized on the attachment was a stock of merchandise. On the day following that on which the writ was levied, defendant confessed judgment in favor of another creditor. An execution issued on that judgment was levied on the stock, and it

1. ATTACHMENT: wrongful: sale of property under: damages.

was sold thereon; and at the time of the trial the proceeds were held by the sheriff to be applied as the court might direct. The court instructed that, if the attachment was wrongfully sued out, the measure of defendant's actual damages would be the fair market value of the property at the time of the seizure. We are of the opinion that the rule adopted by the court on that question is erroneous. The injustice which would result from the application of such a rule is well illustrated by the present case. By the verdict and judgment defendant recovers the full value of the property, which is in excess of the amount of his indebtedness to plaintiffs; the judgment being in his favor for the difference between those amounts. He also has the benefit of the proceeds of the sale, which may now be applied in satisfaction of the judgment in favor of the other creditor. The proceeds amounted to about one-half the value of the goods as shown by the invoice taken when the seizure was made; and the result, under the rule, is that while, by the findings of the jury, the issuance of the writ was wrongful, defendant has been benefited by the seizure to the extent of one-half the value of the property taken; and the same result would have followed if the sale had been made under the attachment because of the perishable character of the goods. The debt to plaintiff would have been extinguished by the assessment against him of the value of the property at the time of the seizure, while the proceeds of the sale would have gone to defendant. It is manifest that in either case his recovery because of the wrong done him by the seizure of his property would be in excess of the actual damages caused by the act. But the true measure of his actual damages is such sum as will compensate him for the injury; and in the present case that sum could not exceed the difference between the market value of the property at the time of the seizure and the amount realized from the sale; and the rule would be the same if the difference should be less than the amount of the indebtedness to plaintiff, and a portion or all of the proceeds should ultimately go to the satisfaction of

that balance, for in that case defendant would have the benefit of it in the satisfaction of his indebtedness. The seizure of property under an attachment is not of itself an absolute conversion of it. The owner is deprived of possession by the seizure, and, if wrongful, he may maintain an action for the trespass, but he is not divested of his title or ownership by the seizure alone. There must be a sale under the proceeding before that result is accomplished. If the seizure was wrongful, he is entitled to be compensated for the injury caused thereby. Before sale the injury consists simply in the consequences of the deprivation of possession, including any depreciation in the value of the property. If the proceeds of the sale will inure either directly to him, or indirectly to his benefit, as when applied to the satisfaction of an indebtedness, the actual damages cannot exceed the difference between the proceeds of the sale and the value of the property at the time of the seizure.

II.   Plaintiff is a non-resident of the state, and the proceedings were instituted by its attorneys resident in the state; the petition being sworn to by one member of the firm employed in the case. There was evidence proper to go to the jury that the attorney who verified the petition, and who did all that was done in the matter, was actuated by malice towards defendant; and the court directed the jury that the motive of the attorney, if proven, would be imputed to plaintiff. Against plaintiff's objection, defendant was permitted to give evidence of certain statements of another member of the firm (of attorneys) made after the attachment was sued out, which tended in some degree to show the motive of his partner in suing it out. The evidence should have been excluded. It may be conceded that the one making the statements was responsible for the suing of the writ, because the act was done by his firm. The declarations, however, were not of the *res gestæ*, and the statements and admissions of an agent are not admissible against the principal, except they are made at the time of the

2. AGENCY: admissions of agent to bind principal.

transaction to which they relate, and such transaction is within the scope of the agent's employment. The declarations in question related to a past transaction.

III. Defendant, when being examined as a witness in his own behalf, was inquired of as to his motive in confessing judgment in favor of the other creditor, and, against plaintiff's objection, was permitted to answer that he desired to secure to him the debt he was owing. The evidence, perhaps, was irrelevant, but we can see no possible prejudice which could have resulted from its admission. It could have no possible bearing on the questions involved in the issue, which related to the truth of the allegations of the petition for attachment, and the jury could not have been misled or influenced in their finding on these questions by it. As we reach the conclusion that the judgment must be reversed on the grounds indicated, we will not consider the question as to the sufficiency of the evidence to sustain the verdict.

3. EVIDENCE: irrelevant but harmless.

REVERSED.