CHARLES G. FREEMAN, Appellant, v. O. J. LIND.

**Attachment from Superior Court:** CANNOT BE SERVED BY CONSTABLE. Code, Section 3889, directs that writs of attachment issued by the clerk of the superior court shall be directed to the sheriff, and section 3934 extends the word "sheriff" to include constables when the proceedings are in a justice's court. *Held*, that a constable had no power to levy a writ of attachment, directed by the clerk of a superior court to any constable in the county, and a levy by such officer thereunder was void. The city marshal is the executive officer of the superior court, and such writ must run to him or the sheriff.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

SATURDAY, OCTOBER 6, 1900.

THE petition was filed December 20, 1898, and a writ of attachment issued by the clerk of the superior court, directed to "any constable in Lee county," and delivered to Henry Cronicle, a constable of Des Moines township, in that county, who, in virtue thereof, seized certain property of the defendant. Thereafter, January 7, 1899, the defendant moved that the property be discharged from the alleged levy on the ground that a constable is not authorized to execute process issued by the superior court. The plaintiff appeals from an order sustaining this motion.—*Affirmed.*

*E. B. Sargent* and *John E. Craig* for appellant.

*John P. Hornish* for appellee.

LADD, J.—The sole question raised on this appeal is whether a valid levy of a writ of attachment, directed by the clerk of the superior court to any constable of the county, may be made by such an officer. Section 3889 of the Code requires the writ to be directed to the sheriff, and, under section 3934, by this is meant "to constables when proceedings are in justice court, or the like officers of any other court." The executive officer of the superior court is the city marshal, with duties and authority corresponding with those of the sheriff in the district court, though the sheriff may serve its process. Code, section 266. But constables are not authorized by statute to act as officers of either the district or superior court, and for this reason the writ was improperly directed. That he was a county officer under bond added nothing to his powers as constable in the way of enabling him to act in a capacity not contemplated by law. Whether Cronicle might have been appointed to levy the writ, in the absence of the marshal and sheriff, will not be profitable to consider, as this was not done. See *Minott v. Vineyard,* 11 Iowa, 90; *Currens v. Ratcliffe,* 9 Iowa, 309. The direction was to any person as constable, and not to a particular person. A constable has power to serve process "directed to him

by lawful authority." Code, section 578. Here the direction was void, in that it was contrary to the express provision of the statute, and unlawful in running to an officer not empowered to execute the writ. In *Stickney v. Stickney,* 77 Iowa, 702, the party serving the writ did so as deputy sheriff, and hence with the ostensible power to act. Conceding Cronicle to have been all he claimed, he was without authority.—*Affirmed.*

GRANGER, C. J., not sitting.