## SARAH B. GREELEY *vs.* BAILY L. PAGE.

Suffolk.    January 28, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Petition for Review — Appeal.*

Under the Pub. Sts. c. 155, § 28, which provides that "a party aggrieved by the judgment of a trial justice in a civil action may within twenty-four hours after the entry of the judgment appeal therefrom," an appeal after the twenty-four hours has elapsed is too late.

PETITION for review, praying for a writ of review of a judgment of the Municipal Court of Boston. At the hearing in the Superior Court, before *Dewey*, J., it appeared that judgment was entered for the defendant in the Municipal Court on the sixth day of February, 1891, at nine o'clock and ten minutes in the forenoon, the plaintiff's attorney having been previously notified in writing by the clerk of the court that judgment was to be so entered; and at eleven o'clock in the forenoon of the next day the petitioner claimed her appeal, and offered the usual bond for the prosecution thereof. The court dismissed the petition; and the petitioner alleged exceptions.

*G. W. Parke*, for the petitioner.

*C. G. Keyes*, for the respondent.

HOLMES, J. By the language of the statute, "a party aggrieved by the judgment of a trial justice in a civil action may within twenty-four hours after the entry of the judgment appeal therefrom," etc. Pub. Sts. c. 155, § 28. See also § 29. This is perfectly explicit, and appeal after the twenty-four hours has elapsed is too late. *McIniffe* v. *Wheelock*, 1 Gray, 600, 602. *Penniman* v. *Cole*, 8 Met. 496, 502.

*Exceptions overruled.*