WILLIAM O. SCHMIDT, Administrator of the Estate of CLAUS BEHRENS, Deceased, Appellee, v. THE NORTHERN LIFE ASSOCIATION, Appellant.

**Murder of Insured:** FORFEITURE OF BENEFICIARY IN MUTUAL INSURANCE POLICY. Where the beneficiary in a benefit certificate of insurance murdered the assured, she thereby forfeited all rights under the certificate; hence (she being still alive), no assignee of her children as heirs could recover thereon.

SAME: *Heirs of one sentenced to life imprisonment.* The children of such beneficiary, who is under sentence of imprisonment for life, cannot take under such certificate, as heirs, civil death by such sentence not being recognized by the law of this state. Where the beneficiary in a benefit certificate of insurance murdered the assured, the company's liability was not thereby terminated, but the benefits under the certificates reverted to and became a part of the assured's estate, and his administrator could recover thereon for the benefit of those who would have been entitled to the insurance, had no beneficiary been designated. The beneficiary in such a certificate of insurance has no vested interest therein, because the insured is at liberty to change beneficiaries.

*Appeal from Scott District Court.*—HON. JAMES W. BOLLINGER, Judge.

SATURDAY, OCTOBER 6, 1900.

ACTION on a benefit certificate of insurance in the defendant association. Each party filed a motion for judgment on the pleadings. Plaintiff's motion was sustained, and defendant appeals.—*Affirmed.*

*Davison & Lane* and *Carney & Holt* for appellant.

*Ely & Bush* and *Henry Vollmer* for appellee.

DEEMER, J.—The defendant is a mutual benefit society organized under the laws of this state. On the tenth day of July, 1897, it issued a certificate of insurance on the life of Claus Behrens, payable to Christina Maria Behrens, her heirs or legal representatives, under which the beneficiary was entitled to share in the funds of the association to the amount of $2,000. After the issuance of the certificate the beneficiary caused the death of the insured (her husband), by administering to him a lethal dose of poison. See *State v. Behrens,* 109 Iowa, 58. Notice and seasonable proofs of the death of the insured were made to the association; but, as it failed to pay the amount promised in its certificate, plaintiff, as the administrator of the estate of Claus Behrens, deceased, commenced this action, claiming that, as the beneficiary took the life of the assured, she could not recover, and that she held the legal title to the proceeds of the certificate in trust for the benefit of the estate of deceased. Henry Vollmer, who received an assignment of the certificate from the beneficiary after the death of the insured, intervened in the action, and asked that the amount due on the certificate be paid to him. Defendant answered this petition, pleading the facts above recited as a defense to his (intervener's) claim, and made a motion for judgment on the pleadings. This motion was sustained, and Vollmer also appeals. Christina Behrens, the beneficiary, has two children,—Hulda Bendt and Paula Behrens. The former also filed a petition of intervention, in which she made claim to one-fourth of the

proceeds of the certificate (one-half of her interest having been assigned to Henry Vollmer), as an heir of the beneficiary named in the certificate. To this the defendant demurred, and its demurrer was sustained. From that ruling Hulda Bendt appeals. In his reply to the answer to his petition of intervention, Vollmer set forth the assignment made to him by Hulda Bendt, and asked judgment thereon for one-fourth the amount of the proceeds of the certificate. The motion filed by defendant for judgment on the pleadings, tendering the issues between Vollmer and the defendant, was grounded, among other things, on the proposition that his claim to one-fourth of the proceeds in virtue of the assignment from Hulda Bendt was not properly pleadable in a reply.

Aside from the issues tendered by the petitions of intervention, the question presented may be stated in this wise: Where a certificate in a mutual benefit society is made payable to a third party, as beneficiary, who afterwards feloniously causes the death of the insured, can the administrator of the insured recover the benefits provided in the certificate? Before going to that question, it is well to consider the intervener's appeals. The certificate provides that on satisfactory proof of death, and it appearing that the member was in good standing and had complied with the conditions of the policy, the association agreed that Christina Behrens, her heirs or legal representatives, should be entitled to share in the beneficiary fund to the extent of $2,000. The certificate was made non-assignable except by consent of defendant's board of directors. It is clear, that until the death of the beneficiary, her heirs have no claims, as such, against the defendant. The amount is payable to Christina Behrens, her heirs or legal representatives. So long as she is alive she has no heirs, and her children have no claim to the insurance simply because she caused the death of the insured, and thus forfeited her

right to take under the certificate. Civil death, growing out of a sentence of imprisonment for life, is not generally recognized in this country. *Avery v. Everett,* 110 N. Y. 317 (17 N. E. Rep. 148, 6 Am. St. Rep. 368, 1 L. R. A. 264); *Baltimore v. Chester,* 53 Vt. 315; *Frazer v. Fulcher,* 17 Ohio, 260; *Platner v. Sherwood,* 6 Johns. Ch. 118; *Cannon v. Windsor,* 1 Houst. (Del.) 143; *Coal Co. v. Haslett,* 83 Ga. 549 (10 S. E. Rep. 435); *Kenyon v. Saunders,* 18 R. I. 590 (30 Atl. Rep. 470, 26 L. R. A. 232); *Willingham v. King,* 23 Fla. 478 (2 South. Rep. 851); *Davis v. Laning,* 85 Tex. 39 (19 S. W. Rep. 846, 18 L. R. A. 82). The children of the beneficiary had no right of action against the defendant, and, having no right, there was nothing for them to assign to another. If the beneficiary named in the certificate can not recover, because of her act in taking the life of the insured, her assignee, who simply stands in her shoes, cannot. That Christina Behrens, who took the life of the insured, cannot recover on the policy, is conceded. It would be a reproach to our sytem of jurisprudence if one could recover insurance money payable on the death of the insured, whose life he had feloniously taken. Certainly one who sets fire to his own building cannot recover the insurance thereon, and we know of no reason why the maxim, *"Nullus commodum capere potest de injuria sua propria,"* should not apply. Indeed, the unbroken voice of authority is to the .effect that a beneficiary in an insurance policy who murders the insured forfeits his rights thereunder. *Insurance Co. v. Armstrong,* 117 U. S. 591 (6 Sup. Ct. Rep. 877, 29 L. Ed. 997); *Association Co. v. Palmer,* 25 Beav. 605; *Schreiner v. High Court,* 35 Ill. App. 576. See, also, as somewhat in point, *Moore v. Woolsey,* 4 El. & Bl. 243; *Names v. Insurance Co.* 95 Iowa, 642; *Society v. Bolland,* 4 Bligh (N. S.) 194; *Insurance Co. v. O'Neill,* 21 Neb. 548 (32 N. W. Rep. 581); *Ritter v. Insurance Co.,* 169 U. S. 139 (18 Sup. Ct. Rep. 302, 42 L. Ed. 693); *Hatch v. Insur-*

*ance Co.,* 120 Mass. 550.  The only exception to this wholesome rule seems to be found in cases relating to the descent of property, where the statutes make no exceptions, as in *Shellenberger v. Ransom,* 41 Neb. 631 (59 N. W. Rep. 935, 25 L. R. A. 564) ; *In re Carpenter's Estate,* 170 Pa. St. 203 (32 Atl. Rep. 637) ; *Owens v. Owens,* 100 N. C. 240 (6 S. E. Rep. 794).  But see, in this same connection, *Riggs v. Palmer,* 115 N. Y. 506 (5 L. R. A. 340).  We are of opinion that the maxim cited applies to the case at bar, that contracts must be made and interpreted in the light of public policy, and that it is contrary to the good order of society, and an encouragement to crime, to allow a beneficiary who murders the assured to receive the benefits of the insurance.    Any other rule would furnish the strongest temptation to crime; and give to the party interested the most potent incentive to bring about the death of the insured, that he might profit thereby. The public has an interest in such matters over and beyond the individuals or societies involved, and courts are not bound to enforce or hold valid any contract which offends public morals, violates the law, or contravenes public policy. Had the certificate contained a provision to the effect that benefits would be paid in the event the beneficiary took the life of the insured, it would clearly be opposed to public policy, and would not be enforced.  If recovery were permitted by the beneficiary or her assignee in this action, it would be giving the same effect to the certificate as if such a clause was included in the contract.  Neither of the interveners, Bendt or Vollmer, is entitled to recover.

II.   We come now to the case made by the administrator, and the more important and controlling question hitherto stated.  Public policy, as we have seen, forbids an action on behalf of the beneficiary or her assignee. But what becomes of the benefit promised to be paid on the death of the assured ?  Is the company absolved from all liability because of the murder of the assured, or

must it pay the amount promised to some one, and, if so, to whom? Neither the beneficiary nor her children nor her assignee can recover, because of the wrong perpetrated by her; but does her wrong absolve the association from its liability? We think not. There is no provision in the certificate that it should be forfeited, in the event the insured was murdered, and no condition of any kind against murder. The agreement was to the effect that in case of the death of the assured the beneficiary should be entitled to a share in the beneficiary fund to the amount of $2,000. The application, which was made a part of the certificate, contained this statement: "I direct that all benefits to which I may be entitled from the association be paid to Christina Behrens, related to me as my wife, subject to such future disposal of benefits as I may hereafter direct." It is also provided that the certificate, if issued, should designate as beneficiary either one of the insured's family or relatives, or his legal representatives, heirs, or legatees. This was in accordance with the statute in force at the time, which provided that "no corporation or association organized or operating, under this act, shall issue any certificate of membership, or policy, unless the beneficiary under said certificate shall be the husband, wife, relative, or legal representative, heir or legatee of such insured member." Acts Twenty-First General Assembly, chapter 65, section 7. The object of such insurance is to provide a benefit for the persons named. In ordinary life insurance contracts, the assured has no property in the policy. The contract is between the company or association, on the one part, and the beneficiary, on the other, and from the day of its issue it is the property of the beneficiary. By the decided weight of authority, however, the beneficiary named in a certificate issued by a mutual benefit society has no property therein. All that he has during the lifetime of the assured is a mere expectancy, dependent on the will and act of the member.

After the death of the member the beneficiary has a property interest, but not before. *Society v. Burkhart,* 110 Ind. 189 (10 N. E. Rep 79, 11 N. E. Rep. 449); *Brown v. Grand Lodge,* 80 Iowa, 287; *Hirschl v. Clark,* 81 Iowa, 200. Certificates of insurance in mutual benefit societies are contracts between the society and the member whose life is insured. During the life of the assured he has the power of appointment, or the right to designate to whom the benefits shall be paid. It has been held that, if he designates one outside the class prescribed by the statute, this does not render the policy void, but the insurance in such case becomes payable to those who would have been entitled to it in the absence of any designation. *Slica v. Association,* 160 Mass. 289 (35 N. E. Rep. 855); *Rindge v. Association,* 146 Mass. 286 (15 N. E. Rep. 628); *Burns v. Grand Lodge,* 153 Mass. 173 (26 N. E. Rep. 443); *Keener v. Grand Lodge,* 38 Mo. App. 543; *Palmer v. Welch,* 132 Ill. 141 (23 N. E. Rep. 412); *Britton v. Supreme Council,* 46 N. J. Eq. 102 (18 Atl. Rep. 675). The naming of a beneficiary, though not a bequest, partakes of its nature. *Phillips v. Carpenter,* 79 Iowa, 600; *Robinson v. Duvall,* 79 Ky. 83. In *Rindge v. Association, supra,* it is expressly held that where the assured makes a designation of beneficiary, unlawful because of statutory inhibition, the administrator of his estate is entitled to recover on the certificate for the benefit of the persons who would have been entitled to the insurance in the absence of any designation; and in *Ryan v. Rothweiler,* 50 Ohio St. 595 (35 N. E. Rep. 681), the beneficiary died before the death of the assured, and it was held that the fund lapsed into the estate of the person who created the trust, and at his death became a part of his estate. The court followed the trust-fund doctrine, and said, among other things: "The question is not governed so much by the principle of choses in action and vested rights as by the principles, aims, and well-known objects of life insurance. The cases which hold the

insurance money to be a trust fund which reverts to the estate of the assured in case of the death of all the named beneficiaries during the lifetime of the assured give different reasons for the results arrived at. Some place it upon the ground that the person to whom the fund would otherwise revert has no insurable interest in the life of the assured, while others place it upon the doctrine of failure of trust by the death of the beneficiary. In the case now under consideration, should the plaintiff in error [administrator of one of the deceased beneficiaries] succeed, he would recover the insurance money, while he manifestly had no insurable interest in the life of Mr. Helwig. The theory of a failure of trust comes with more force and stronger reasons than the doctrine of choses in action, so strongly argued by counsel for plaintiff in error. We regard the doctrine of choses in action as not fully applicable, because it conflicts in many cases with the controlling doctrine of insurable interest. Upon principle, therefore, and aside from any statute on the subject, we think that in this case the policy reverted to Mr. Helwig [the assured], and at his death became a part of his estate. It seems to us that this was the manifest intention and understanding of all the parties interested, and that the result is just and equitable. While there may have been a vested interest, it was an interest not in possession, but in expectancy, liable to be diverted from the insured before the death of the assured. We therefore hold, both upon principle and a construction of the statute, that upon the death of the wife and daughter the property reverted to Mr. Helwig [the assured], and at his death became a part of his estate." In *Bancroft v. Russell,* 156 Mass. 47 (31 N. E. Rep. 710), the insurance was payable to a trustee, for the benefit of the wife of the assured. The wife died before the husband, who was the assured, and it was held that there was a resulting trust in favor of the assured's estate. See, also, *Haskins v. Kendall,* 158 Mass. 224 (33 N. E. Rep. 495). Commenting on this

last case, Mr. Bacon, in his work on Benefit Socie-
ties, (2d ed., par. 243a), says, "Conceding the rule
to be that, if the person designated as beneficiary die
in the lifetime of the member, a lapse of the
designation results, it has been held that under the
rules of the society the benefit generally will not revert
to the society, but a resulting trust accrues for the benefit of
either those designated by the laws of the association to re-
ceive in case of failure of designation, or for those entitled
to take as heirs of the member under the statutes of distribu-
tion." We are not entirely without precedent in our own
cases.  In *Newman v. Insurance Co.,* 76 Iowa, 64,
the certificate was to be made payable to devisees
named in the will of the assured. He failed to make the
designation, and his administrator brought suit against the
society. We held that the company was not released, and
said: "Surely the defendant ought not to seek to avoid its
obligation by the alleged failure of beneficiaries. If he made
no last will and testament, the right to the avails of the life
insurance would descend to his heirs, the same as any other
property or chose in action." Defendant obligated itself to
pay on the death of the assured, and it ought not to be held
that the act of the beneficiary forfeited all claim under the
policy. The wife cannot recover, because it is contrary to
public policy to allow her to enforce the claim. But this
rule of public policy ought not to be extended so as
to defeat all claims on the policy. We have seen that
when there has been no designation, or an illegal
designation, or a designation of a person as beneficiary who
dies before the death of the assured, the association holds
the money in trust for the benefit of the estate of the assured.
Following this doctrine to its logical conclusion, it seems to
us that, when the beneficiary named is prohibited from tak-
ing because of her own wrong, a trust arises, that will be en-
forced in a proper case. This trust is created in favor of the

husband's estate, and takes effect by reason of the crime of
the wife, which destroys the trust in her favor. In so far as
she is concerned, the trust is destroyed by her crime, and in
consequence a resulting trust in favor of the husband's estate
is allowed. If we treat the designation of a beneficiary as
akin to a bequest, the same result follows; for a lapsed legacy
descends to the heirs of the testator. Moreover, the fund
was created or collected by the defendant for the benefit of
the persons or classes named in the statute. True, it is to
pay this fund to such person or persons of this class as may
be designated by the assured; but, if no one is selected, it is
nevertheless a trust fund to be paid to the estate of the as-
sured, for the benefit of one of the classes or persons named.
No one will doubt the proposition that whenever property is
produced by payments made by one, that are to be held in
trust for another, and that trust fails or is satisfied, a result-
ing trust arises in favor of the party making the payments,
or his estate. The celebrated case of *Cleaver v. Association*
(1892) 1 Q. B. Div. 147, growing out of the *Maybrick Case,*
is much like the one at bar; and it was there held that not-
withstanding Mrs. Maybrick, who murdered her husband, was
named as beneficiary in his certificate of insurance, and
could not recover from the insurance company, still the insur-
ance money formed a part of her husband's estate, and could
be recovered by his administrator. That decision meets with
our approval, and we have no hesitation in following it. See,
also, *In re Conrad's Estate,* 89 Iowa, 399, wherein it was
held, in a case where the beneficiary died before the
assured, that the fund should be disposed of according
to the laws of descent. When Mrs. Behrens caused the
death of her husband, all her rights under the policy ceased,
and the trust in her favor was by that act annulled, but the
obligation of the company to pay the promised benefit was
not canceled. Absolution from payment to Mrs. Behrens
was brought about by her own conduct, which prevented her
from recovering because of public policy. But the interest

in the benefits to which the assured was entitled from the association was not destroyed. We have no occasion to determine whether or not Mrs. Behrens can take anything through the administrator, as that question is not before us. It will be time enough to consider it when it is properly presented. None of the cases relied on by appellant are in point. The question here decided was not raised in *Schoep v. Insurance Co.*, 104 Iowa, 354. *McClure v. Johnson*, 56 Iowa, 620. involved no such question as is here presented. Ordinarily the proceeds of a policy of insurance payable to another than the assured do not constitute assets of his estate, and cannot be disposed of by will. The judgment of the district court is correct, and it is AFFIRMED.