Supreme Lodge Knights and Ladies of Honor v. Olivia Menkhausen et al., by Their Next Friend.

1. BENEFICIARY SOCIETIES—*Where the Member Fails to Designate Any Particular Beneficiary, or Such Beneficiary is Not in Existence at Member's Death.*—Where the member fails to designate any particular beneficiary, or where the beneficiary designated by the member is not in existence at the time of the member's death, or where the person designated as beneficiary is not within any eligible class, or is at the time of the death of the member, for any reason ineligible to take, and there are persons who are eligible, the fund does not lapse to the association or society, but is held by it in trust for those of the eligible who then stand first in order.

2. SAME—*How Benefit Membership and Certificate Differ from an Ordinary Policy of Insurance.*—A benefit membership and certificate in a society of this character, differ from an ordinary policy of life insurance, in that they speak with reference to the conditions that may exist at the time of the member's death. A beneficiary named or designated in a certificate of membership in a fraternal benefit society, organized under the statutes of this state, or similar statutes of other states, has no vested rights in such certificate or in the fund provided for its payment, during the life of the member whose death matures the certificate. The right is dependent upon the *status* at the date of the member's death.

Assumpsit, on a benefit certificate. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

J. M. HAMILL, attorney for appellant; ASHCRAFT & ASH-CRAFT, of counsel.

666    APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Sup. Lodge Knights & Ladies of Honor v. Menkhausen.

TURNER & HOLDER, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit, in the Circuit Court of St. Clair County, by appellee against appellant, to recover the amount of a benefit which appellees claim accrued to them upon the death of their mother, who was a beneficiary member of the appellant order. The case was decided in the Circuit Court, upon appellant's demurrer to appellees' declaration. Appellant elected to stand by its demurrer and the court rendered judgment in favor of appellees for $1,000.

Appellant brings the case to this court, and assigns as error the action of the Circuit Court in the overruling of its demurrer and rendering judgment in favor of appellees.

The declaration avers, in effect, that appellant is a corporation organized for the purpose of promoting benevolence and charity by establishing a relief fund by contribution from its members, from which, upon satisfactory proof of the death of a member who was a contributor to such fund at the time of death, and had complied with the lawful requirements of the order, should be paid a sum not exceeding $5,000 to such of the deceased member's family, or those dependent upon or related to him or her, as he or she may have directed; that on the 22d day of March, 1893, Elizabeth Menkhausen became a member of appellant order, and entitled to all the rights and privileges of membership, and to participate in the relief fund of the order to the amount of $1,000; that she directed that at her death this sum should be paid to her husband, Gustav Menkhausen; that this direction was expressed in the relief fund certificate issued and delivered by appellant to her; that she complied with all the lawful requirements of the order; that she died on the 9th day of November, 1893, and that proofs of her death were duly made; that she died intestate and left her surviving as members of her family, Gustav Menkhausen, and appellees, her infant children.

That on the 6th day of August, 1895, Gustav Menk-

hausen instituted suit in the Circuit Court of St. Clair County, Illinois, against appellant, to recover said fund for his own use, he being the beneficiary named in the certificate of membership; that appellant appeared and defended and filed the following plea :

" And the defendant, for a plea in this behalf, says that the plaintiff ought not to have his aforesaid action against this defendant, because this defendant says that on the 9th day of November, A. D. 1893, at the city of Belleville, in said county of St. Clair, the said plaintiff of his malice aforethought did then and there intentionally kill and murder the said Elizabeth Menkhausen, and for which said killing and murder, he, the said Gustav Menkhausen, was afterward and at the April term, 1894, of the Circuit Court of said county, duly convicted, and was by the court duly sentenced to be hanged on the 12th day of October, 1894, all of which more fully and at large appears from the record of said court recorded in criminal record ' 10,' pages 536, 537 and 538; that said sentence was, by the governor of the State of Illinois, commuted to imprisonment in the penitentiary at Chester for and during the natural life of the said Gustav Menkhausen; that the said plaintiff is now in said penitentiary under said sentence for and on account of having so killed and murdered the said Elizabeth Menkhausen; that such further proceedings were had in such cause that at the April term, 1896, of said court, the said cause came on for trial before the court and a jury, and after hearing the evidence and arguments of counsel and instructions of the court, the jury retired to consider of their verdict, and returned into court the following verdict : ' We, the jury, find the issues for the defendant.' A judgment was thereupon rendered upon said verdict and was never appealed from and is now in full force and effect."

That appellant successfully defended said suit solely on the ground that the then plaintiff, Gustav Menkhausen, the beneficiary named in the certificate, had murdered the beneficiary member, and for that reason the fund should not be paid to him.

The purpose of appellant order, as averred in the declaration, was to provide and establish a relief fund, from which, upon death of a member, payment should be made to

668    Appellate Courts of Illinois.

Vol. 106.] Sup. Lodge Knights & Ladies of Honor v. Menkhausen.

such of the member's family, kindred or dependents, as the member should designate, and that its by-laws provided that such benefit might be made payable to a member's wife, husband, children, grandchildren, parents, brothers sisters, grandparents, nieces, nephews, cousins in the first degree, aunts, uncles or next of kin who would be distributees of the personal estate of such member upon his death intestate, in the order named.

The statute in force in the State of Illinois at the time deceased became a member, act of 1887, provides:

"Corporations, associations, or societies, for the purpose of furnishing life indemnity or pecuniary benefit upon the death of a member, to the widow, heirs, relatives, legal representatives, or designated beneficiaries of such deceased member, * * * may be organized."

This statute was modified after deceased became a member and before her death, by the act of 1893, which limits the scope of permissible beneficiaries somewhat; it providing that "payments of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, or to a person dependent upon the members."

It will be observed that so far as any fact in the case at bar is involved, the purpose of the order, its by-laws, and both the statutes, are in perfect harmony. They all include children of the member, and in all of them the children stand first in the order, after the widow or husband.

The rule is now well established, under such state of purpose, by law and statute as we have here, that where the member fails to designate any particular beneficiary, or where the beneficiary designated by the member is not in existence at the time of the member's death, or where the person designated as beneficiary is not within any eligible class, or is at the time of the death of the member, for any reason, ineligible to take, and there are persons who are eligible, the fund does not lapse to the association or society, but is held by it in trust for those of the eligible who then stand first in order.

The following cases support this rule, and when all of them are considered they fully establish the rule, and cover,

both in principle and in facts, every material feature of the case at bar.    Schmidt v. The Northern Life Ass'n, 112 Iowa, 41; Baldwin v. Begley, 185 Ill. 180; Palmer v. Welch, 132 Ill. 141; Parke v. Welch, 33 Ill. App. 188; Bishop v. Grand Lodge E. O. M. A., 112 N. Y. 627; Shea v. The Massachusetts Benefit Ass'n, 35 N. E. Rep. 855; Haskins v. Kendall, 158 Mass. 224; Rindge v. New England Mutual Aid Society, 146 Mass. 286; American Legion of Honor v. Perry, 140 Mass. 580; Jewell v. The Grand Lodge A. O. U. W., 41 Minn. 405; Mich. Mutual Benefit Ass'n v. Rolfe, 76 Mich. 146.

A benefit membership and certificate in a society of this character, differ from an ordinary policy of life insurance, in that they speak with reference to the conditions that may exist at the time of the member's death.    A beneficiary named or designated in a certificate of membership in a fraternal benefit society, organized under the statutes of this state, or similar statutes of other states, has no vested rights in such certificate or in the fund provided for its payment, during the life of the member whose death matures the certificate.    The right is dependent upon the *status* at the date of the member's death.    Delaney v. Delaney, 175 Ill. 187; Voigt v. Kersten, 164 Ill. 314; Baldwin v. Begley, 185 Ill. 180; Order of Railway Conductors v. Koster, 55 Mo. App. 186; Union Mutual Ass'n v. Montgomery, 70 Mich. 587; Tyler v. Odd Fellows Mutual Relief Ass'n, 145 Mass. 134; Kirkpatrick v. M. W. A., 103 Ill. App. 468.

Appellant's counsel contend that the beneficiary named in the certificate being still alive, the right to take can not, during his lifetime, accrue to appellees.    Their argument is, "if the certificate had been made payable to him, his heirs or legal representatives, until his death no action could be maintained on it by his heirs, under the well recognized rule that so long as a person is alive he has no heirs."

The certificate in the case at bar was not made payable to Gustav Menkhausen, "his heirs or legal representatives," nor do appellees claim as his heirs or legal representatives,

670     APPELLATE COURTS OF ILLINOIS.

VOL. 106.] Sup. Lodge Knights & Ladies of Honor v. Menkhausen.

or otherwise by, through or under him. The certificate, in legal effect, was made payable to Gustav Menkhausen, if under such facts as should exist at the date of Elizabeth Menkhausen's death, he might lawfully take; and in the event he could not so lawfully take, then to the heirs, relatives, or legal representatives of Elizabeth Menkhausen, not those of Gustav.

Appellees are heirs of Elizabeth, and as Gustav is admitted to be disqualified to take, they claim the fund as the next in order in the line of eligibles. In most of the cases above cited the persons named in the certificates as beneficiaries were alive at the time of the litigation. The cases did not turn upon whether the persons named as beneficiaries were alive at the time of the litigation, but upon the eligibility of such persons to take, at the time of the member's death. We do not deem it necessary to re-cite the cases.

Appellant's counsel further contend that the contract on which the suit is based, " is absolutely void, and no recovery can be had on it by any one," because of the manner of the member's death; that in such case public policy forbids that appellant should pay to any one; that " no court will lend its aid to any one who founds his cause of action on his intentional wrong," nor on the wrong of any one through or under whom they claim. Neither they, nor their dead mother through whom they claim, were guilty of any wrong. All the cases relied on by appellant's counsel are cases where the perpetrator of the wrong or some one claiming by, through or under him, sought to benefit by the wrong. Not so here.

Schmidt v. The Northern Life Ass'n, 112 Iowa, 41, is a most thoroughly considered case, and determines this question against the contentions of appellant. There, as here, the beneficiary named murdered the member; there, as here, the association raised the question of public policy, and sought to have it avail against innocent beneficiaries. In that case the court said :

" Public policy, as we have seen, forbids an action on

behalf of the beneficiary, but what becomes of the fund promised to be paid on the death of the assured? Is the company absolved from all liability because of the murder of the assured?" "There is no provision in the certificate that it should be forfeited in the event the assured was murdered." "When Mrs. Behrens (the beneficiary named in that case) caused the death of her husband, all her rights under the policy ceased, and the trust in her favor was by that act annulled; but the obligation of the company to pay the promised benefit was not canceled. Absolution from payment to Mrs. Behrens was brought about by her own conduct, which prevented her from recovering because of public policy. But the interests in the benefits to which the assured was entitled from the association was not destroyed."

While we agree with counsel, that as between appellant and the murderer of one of its members, public policy forbids that the murderer should profit by his crime, we can not see our way clear to carry the doctrine of public policy so far as to hold, as between appellant, a trustee in this case, and appellees, who claim solely through their innocent mother, that appellant should be allowed to keep the fund and thus profit by the crime of the murder, at the expense of its wholly innocent *cestuis que trust.*

The judgment of the Circuit Court is affirmed.