THE SUPREME LODGE KNIGHTS AND LADIES OF HONOR
*v.*
OLIVIA MENKHAUSEN *et al.*

*Opinion filed April 20, 1904.*

1. BENEFIT SOCIETIES—*effect where insured is murdered by beneficiary.* Murder of the insured by the beneficiary named in the benefit certificate precludes a recovery of the insurance by the beneficiary but does not absolve the society from payment of the same to any person whomsoever, in the absence of a provision in the contract of insurance to that effect.

2. SAME—*when heirs may recover insurance on murdered member.* The heirs-at-law of a member of a benefit society who was murdered by the beneficiary are entitled, if within the class of eligible beneficiaries, to recover the insurance on the life of the deceased member, in the absence of anything to the contrary in the contract of insurance or the laws of the State.

3. SAME—*when suit for insurance benefit—need not be brought by administrator.* Where the law determines the persons entitled to the insurance on the life of a member of a benefit society, suit may be brought in the names of such persons, and not by the administrator of the estate of the deceased.

4. SAME—*children of deceased are next in order to surviving husband or wife.* The acts of 1887 and 1893, relating to benefit societies, contemplate that the children of a member of a benefit society shall stand next in order to the surviving husband or wife where the beneficiary named is disqualified to take.

5. PRACTICE—*rule 15 of the Supreme Court should be followed.* In preparing the briefs and arguments to be presented to the Supreme Court it is the duty of counsel to observe and follow practice rule No. 15. (204 Ill. p. 13.)

*Supreme Lodge* v. *Menkhausen*, 106 Ill. App. 665, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

This was an action of assumpsit in the circuit court of St. Clair county by appellees against the Supreme Lodge Knights and Ladies of Honor. The declaration was filed to the January term, 1902, of that court, and consisted of one special count for the amount of a cer-

tain benefit certificate. It sets out the facts that on March 22, 1893, the defendant issued its policy of insurance on the life of Elizabeth Menkhausen in the sum of $1000, payable, at her death, to her husband, Gustav Menkhausen; that on November 9, 1893, Elizabeth Menkhausen departed this life, and that due proof was then and there furnished the defendant of her death, according to the rules, laws and regulations of the defendant; that said Gustav Menkhausen, on August 6, 1895, instituted a suit upon said policy and the defendant appeared and filed a plea. This plea is then set out in full, the substance of which was, that Gustav Menkhausen willfully murdered his wife and was sentenced to be hung, but that the sentence was commuted by the Governor to imprisonment for life, and that said Gustav was, at the time of filing the plea, in the penitentiary under such sentence. The declaration further avers that the only issue in said suit was whether the fact that Gustav Menkhausen murdered his wife was a bar to his suit; that upon a trial a verdict was returned for the defendant, judgment was entered on the verdict, and that judgment is still in force.

It is averred by the declaration that the defendant is organized under the laws of Kentucky, Missouri and Indiana, for the purpose of promoting benevolence and charity by establishing a relief fund, from which, on satisfactory evidence of the death of a member, a sum not exceeding $5000 shall be paid to such member of his or her family, or person dependent upon or related to him or her, as he or she may have directed; that the defendant is doing business in this State and has complied with the laws thereof governing fraternal beneficiary societies; that the by-laws of the defendant provide that a benefit may be made payable to the wife or husband, children and grandchildren, parents, brothers and sisters, grandparents, nieces and nephews, cousins, aunts and uncles, or to the next of kin who would be distributees of the personal estate of the member upon his death

intestate, in the order above named.   It is then averred that by reason of the death of Elizabeth Menkhausen, and proof of that fact, and by reason of the fact that because of her death at the hands of Gustav Menkhausen it became impossible for him to recover upon said policy or benefit certificate or to receive the proceeds thereof, the said amount named in said certificate became due and payable to the plaintiffs herein, and that the defendant has not paid the said sum of $1000 to the plaintiffs or to any other person, but refuses so to do.

The declaration then avers that Elizabeth Menkhausen died intestate, leaving plaintiffs as her only children and heirs-at-law; that plaintiffs were members of her family, were her heirs and blood relations, and were dependent upon her for their support.

A demurrer interposed by the defendant to this declaration was overruled by the court, and the defendant electing to stand by its demurrer, judgment was entered in favor of the plaintiffs for $1000. An appeal was taken by the lodge to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed.    The Appellate Court granted a certificate of importance, and appellant appealed to this court.

Appellant urges as reasons why the demurrer should have been sustained, the following:

*First*—Because appellees have no right, title or interest in said benefit certificate, or any part thereof, and cannot maintain any action thereon.

*Second*—The act of the legislature of June 22, 1893, for the organizing and management of fraternal beneficiary societies, has no application to this case, as it was passed after the benefit certificate was issued; and the act of the legislature approved June 16, 1887, under which this benefit certificate was issued, confers no authority on appellees to maintain this suit.

*Third*—The murder of the assured by the beneficiary named in the benefit certificate was not one of the risks

insured against and covered by the benefit certificate, and therefore no action can be maintained on said benefit certificate, or for the amount therein specified, by appellees against appellant.

J. M. HAMILL, (ASHCRAFT & ASHCRAFT, of counsel,) for appellant.

TURNER & HOLDER, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The beneficiary named in a benefit certificate who feloniously takes the life of the insured cannot recover from the fraternal beneficiary society, and it is now urged that public policy also requires us to hold that in such a case there can be no recovery by any person whomsoever against such a society, and that under such circumstances not only is the certificate void, but the obligation of the society to pay to any one whomsoever is canceled and rendered absolutely inoperative. The cases relied upon by appellant are of two classes: First, where the insured was murdered by the beneficiary and suit was brought by the criminal or some one claiming through him; and second, where the insured was executed in pursuance of the sentence of a court of competent jurisdiction for a crime committed by him or her. Neither class of cases is in point here. The only reason in favor of appellant's contention that seems to us of weight is found in the fact that the beneficiary might be incited to commit murder by the fact that if unable to collect the benefit himself it would be payable to some other person or persons in whose welfare he was interested. Human experience teaches that those willing to commit murder and assume the risk of punishment for the benefit of others are so few in number that consideration thereof becomes well-nigh inconsequential. But even were it otherwise, if the rule suggested by appel-

lant were established, it is perceived that the society would then profit by the murder, and an incentive be created for the destruction of the life of the insured that the interest of the insurer might be advanced. The contract between the society and the insured contained no provision absolving the society from liability in the event that she was murdered by the beneficiary, and public policy does not require us to read such a condition into the agreement. If it did, it would also require us to hold that the beneficiary could not recover on the policy if the insured was murdered by another acting independently of and against the desire of the beneficiary, because it is within the realm of possibility that such other, without the connivance or knowledge of the beneficiary, might commit the crime solely for the purpose of enriching the latter. If societies of the character of appellant desire to be protected from such contingency, that object must be accomplished by a condition to that effect written into their contracts, failing which the law will not absolve them from liability. (*Cleaver* v. *Mutual Reserve Fund Life Ass.* 1 Q. B. 147; *Schmidt* v. *Northern Life Ass.* 112 Iowa, 41.) In the absence of a contract to that effect, public policy will not permit the society to appropriate unto itself the fund which it has agreed to pay, merely because the life of the insured has been unlawfully taken.

It is suggested, however, that this certificate was payable alone to Gustav Menkhausen, and that no recovery can be had thereon except by him or by those claiming through him, and that as he cannot recover no one can recover on the certificate. We do not regard this as a suit upon the certificate. A careful examination of the declaration leads us to conclude that it is a suit to recover the benefit, $1000, which the appellant undertook, by its constitution and by-laws, to pay to the person, within certain classes, who should be designated by Elizabeth Menkhausen, and that the action is upon the obligation of appellant as evidenced by its constitution

and by-laws, and not upon the certificate. These rules or laws of this organization recite its purpose to be the establishment of a relief fund, from which, upon the death of a member, a benefit shall be paid to the person designated by the member in the certificate, and that such benefit may be made payable by the member to the wife or husband, the children, grandchildren, parents, certain other persons of the whole or half blood, or the next of kin who would be distributees of the personal estate of the member, in the order above named.

By the act of 1887, which was in force when the certificate in question was issued, it was provided, in substance, that societies of the class to which appellant belongs might be organized for the purpose of furnishing benefits, upon the death of a member, "to the widow, heirs, relatives, legal representatives or the designated beneficiaries of such deceased member." (Laws of 1887, sec. 1, p. 205.) By the act of 1893, which became effective a few months after the issuance of this certificate, it was provided, so far as material here, that payment of death benefits should be made only to the "families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon, the member." (Hurd's Stat. 1895, chap. 73, par. 258.) It will be observed that by the spirit of each of these three enactments the children of the deceased would stand next in order after the husband or wife.

"Upon the death of a member, where the person claiming to be his designated beneficiary is outside of the classes eligible as beneficiaries of his insurance, the member's heirs-at-law, who are within such classes, are entitled to the insurance. There being no selection of a beneficiary authorized to take, the fund goes to them. *Palmer* v. *Welch,* 132 Ill. 141; *Alexander* v. *Parker,* 144 id. 355." *Baldwin* v. *Begley,* 185 Ill. 180.

We think the correct view to take is, that Gustav Menkhausen, by his act in taking the life of his wife,

placed himself outside the classes from among whom she might designate a beneficiary, and he could not thereafter take the fund, or any part thereof, either as the beneficiary named in the certificate or as heir or heir-at-law of his wife.   The situation, so far as his rights and those of appellees and appellant are concerned, we think is precisely the same as though, after the issuance of this certificate, he had been divorced from Elizabeth Menkhausen and she had thereafter died without having any alteration made in the certificate.   Under such circumstances he would have no interest in the certificate, but the proceeds thereof would be payable to the heirs of the insured, nothing to the contrary appearing in the certificate, the constitution and by-laws of the order or the laws of the State under which it operates.   *Tyler* v. *Odd Fellows' Mutual Relief Ass.* 145 Mass. 134; *Schonfield* v. *Turner*, 75 Texas, 324; *Order of Railway Conductors* v. *Koster*, 55 Mo. App. 186.

In *Schmidt* v. *Northern Life Ass. supra*, and in *Cleaver* v. *Mutual Reserve Fund Life Ass. supra*, growing out of the Maybrick murder, the same question was presented as is now before us.  In both cases it was held that the fact that the beneficiary had murdered the insured did not cancel the obligation of the insurer, and in both cases the administrator of the insured was allowed to recover on the theory that the insurer held the fund in trust for the estate of the deceased; and in the case at bar it is argued that if there could be a recovery at all, it must, under the authority of these cases, be in the name of the administrator of the estate of Elizabeth Menkhausen. It is very evident that neither the constitution and by-laws of appellant nor the laws of this State contemplate the payment of a benefit of this character to the administrator of the member.  The purpose is to pay it directly to the beneficiary, whoever that may be, without the intervention of administration; and where, as here, the law determines the persons who are entitled to the fund, the

suit is properly brought in the names of such persons, and in this case there is no occasion for a resort to equity.

Rule 15 of this court indicates the manner in which a brief and argument should be prepared for presentation here. Counsel on both sides of this controversy have failed to observe that rule. A compliance therewith is materially helpful in the consideration of causes in this court. It should be followed in every instance.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*