**Leokadya Szczukowski, minor, by Arthur Donoghue,
Guardian, Appellee, v. Macierz Polska, of the
United States of North America, Appellant.**

## Gen. No. 17,009.

1. APPEAL AND ERROR—*questions reviewable on record.* Where
a cause was tried without a jury and without submission of
propositions to be held as law, the only questions which may be
reviewed are the sufficiency of the evidence to sustain the court's
finding and its ruling on the admissibility of certain written evi-
dence.

2. BENEFICIAL ASSOCIATIONS—*evidence of contents of constitution
and by-laws.* In an action for a death benefit by an heir of a
deceased member of a benefit society whose constitution and by-
laws were printed in Polish, evidence *held* to show that the con-
stitution and by-laws designated "heirs" rather than "beneficiaries"
as the class of persons entitled to death benefits.

Szczukowski v. Polska, 172 Ill. App. 192.

3. BENEFICIAL ASSOCIATIONS—*determination of beneficiary.* The constitution and by-laws of a beneficial society, rather than the statute under which it was organized, determine who shall be entitled to death benefits accruing on the death of a member; so that where the constitution and by-laws of such an order provided that the death benefits should go to the "heir" of a member, such member could not designate others than his heirs as beneficiaries.

4. APPEAL AND ERROR—*harmless error.* Though in an action against a beneficial society for a death benefit the exclusion of a document purporting to be the deceased's designation of his beneficiaries, which was a part of the agreed statement of facts, was therefore improper, it was harmless where such designation furnished no protection to the defendant from liability to the plaintiff.

Appeal from the County Court of Cook county; the Hon. W. A. WALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 1, 1912.

N. L. PIOTROWSKI, for appellant.

BERNARD J. MAHONEY, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The declaration in this case was predicated on the claim that the plaintiff, as the only heir of a deceased member of the defendant's society, was, under its rules and regulations, entitled to a death benefit of $350, payable on such member's decease. The defendant admitted that it was bound to pay the amount to some one, but claimed that it should pay in accordance with a designation of beneficiaries made by the deceased some months before his death, which directed the payment of $100 to his infant heir aforesaid, $200 to his father and mother and $50 for church masses. In view of such admission judgment was rendered for $100, and as to the rest of the fund the case was tried before the court, without a jury, and without submission of propositions to be held as law. Upon the record as presented the only questions saved for review relate to the sufficiency of the

evidence upon which the court based its findings for plaintiff, and its ruling in excluding from the evidence the written designation aforesaid.

The constitution and by-laws of the society were printed in the Polish language, and the only material fact in dispute was the meaning of the word employed therein to designate the class of persons entitled to death benefits, plaintiff contending it meant "heirs" and defendant that it meant "beneficiaries." All other facts material to the issue were agreed upon. Upon the point in dispute there was a clear preponderance of evidence in favor of plaintiff's contention. Witnesses familiar with the Polish language, and the different shades of meaning given to the word in controversy, agreed in the main that its proper meaning and translation is "heirs at law." As plaintiff was the only heir she was entitled to the entire fund under the society's constitution and by-laws, which narrowed the scope of its beneficial action to heirs alone, and to which, in determining who can take as beneficiaries, we must look rather than to the statute under which the society was organized. Murphy v. Nowak, 223 Ill. 301. It was therefore beyond the power of the deceased member to designate others than his heirs as beneficiaries. Knights of Honor v. Menkhausen, 209 Ill. 277.

While the motion made at the close of the evidence to exclude such designation from the evidence should not have been granted, as the document was a part of the agreed state of facts upon which the case was submitted to the court, and was the wrong method of obtaining the court's view of the law as to who was entitled to the fund, yet, as the designation furnished no protection against appellant's liability the ruling was harmless.

While the court's finding for the plaintiff was reached by different reasoning, it was correct and the judgment will be affirmed.

*Affirmed.*