# LEWIS SHARPLESS v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN.[1]

December 1, 1916.

Nos. 19,966—(106).

**Life insurance — insurer liable when insured is murdered by beneficiary.**
1. Though by murdering the insured the beneficiary forfeits the right to the proceeds of the policy, such murder does not absolve the insurer from liability to others.

**Same — recovery by heir.**
2. In such case the sole heir of the deceased, who would take upon the death of an eligble beneficiary, may recover.

Action in the district court for Hennepin county to recover $2,000 upon defendant's policy of life insurance. From an order, Hale, J., sustaining plaintiff's demurrer to the amended answer of defendant grand lodge, that defendant appealed. Affirmed.

*William B. Anderson,* for appellant.

*Mathias Baldwin,* for respondent.

DIBELL, C.

The plaintiff Lewis Sharpless brings this action to recover upon a policy of insurance on the life of Leaming Sharpless, issued by the defendant Grand Lodge A. O. U. W. Charlotta A. Sharpless was named as beneficiary. She is a defendant. The Grand Lodge answers separately. The plaintiff demurred. The appeal is from the order sustaining the demurrer.

The pertinent facts appearing from the complaint are these: On March 6, 1905, the policy or benefit certificate was issued on the life of Leaming Sharpless. The beneficiary, Charlotta A. Sharpless, his wife, murdered him on November 14, 1914. By murdering him she forfeited the right to

[1]Reported in 159 N. W. 1086.

Note. —Upon the question of effect of murder of insured as affecting right to insurance, see notes in 3 L.R.A.(N.S.) 727; 28 L.R.A.(N.S.) 675.

take as beneficiary. The plaintiff is the brother and only heir of the deceased except Mrs. Sharpless. These facts are admitted by the defendant order. It alleges that by its constitution a member has no right in the beneficiary fund except to designate a beneficiary; that when a member dies without having designated an eligible beneficiary the certificate is void; that if an eligible beneficiary dies before the member, and he dies without designating another, the proceeds shall be paid first to the widow, then to the children, then to the father and mother or the survivor of them, then to brothers and sisters, and, all failing, there is a reversion to the beneficiary fund, and it claims that the murder of the insured by the beneficiary absolves it from liability on the certificate.

Two questions are presented:

(1) Does the murder of the insured by the beneficiary absolve the insurer from liability, conceding that the right of the beneficiary is forfeited?

(2) If it does not, can the sole heir of the insured, who would take upon the death of an eligible beneficiary, recover?

1. An insurance company is not absolved from liability on a policy because the beneficiary murders the insured. Cleaver v. Mutual Reserve Fund Life Assn. [1892] 1 Q. B. 147; Schmidt v. Northern Life Assn. 112 Iowa, 41, 83 N. W. 800, 51 L.R.A. 141, 84 Am. St. 323; Supreme Lodge K. & L. of Honor v. Menkhausen, 209 Ill. 277, 70 N. E. 567, 65 L.R.A. 508, 101 Am. St. 239. The contract of insurance makes no exception in such case and no statute affects liability. The public policy which refuses a recovery for the benefit of the murderer does not prevent a recovery for the benefit of another who has done no wrong. Public policy may not permit the murderer to profit by a recovery on the policy; but it does not excuse the insurer from paying to those who would take in the absence of a beneficiary. The rule of public policy is invoked to prevent the murderer from profiting—not to relieve the insurer from paying.

2. The further question is whether the action is well brought by the plaintiff, who is the sole heir, and who would take in the event of the death of an eligible beneficiary and no subsequent designation. In Cleaver v. Mutual Reserve Fund Life Assn. [1892], 1 Q. B. 147, and Schmidt v. Northern Life Assn. 112 Iowa, 41, 83 N. W. 800, 51 L.R.A.

141, 84 Am. St. 323, it was held that the personal representatives of the deceased might recover and hold the proceeds for those entitled to them or for the estate. In Supreme Lodge K. & L. of Honor v. Menkhausen, 209 Ill. 277, 70 N. E. 567, 65 L.R.A. 508, 101 Am. St. 239, it was held that the one entitled to the proceeds as a beneficiary upon the failure of the designated beneficiary could recover. This accords with the policy of our statutes and decisions and we follow it. This matter was considered at some length in Devaney v. Ancient Order H. L. Ins. F. 122 Minn. 221, 142 N. W. 316. We refer to the discussion there had.

Mrs. Sharpless is not interested in the two questions decided. She is not bound by the allegation of the plaintiff and the concession of the defendant order that her claim as beneficiary is forfeited. If she chooses she can litigate the question.

Order affirmed.