### SPICER v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. November 26, 1920.)

No. 3576.

Insurance ⬥448—Joint policy, payable to survivor, not collectible by deceased's representatives.

Where a husband murdered his wife, an insurance policy on the joint lives of the husband and wife, payable to the survivor on the death of either, cannot be collected by the wife's representatives, although the husband's conviction for the murder precluded him from recovering on the policy.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action by Carl E. Spicer, administrator of the estate of Nobie N. Spicer, deceased, against the New York Life Insurance Company. Judgment for defendant (263 Fed. 764), and plaintiff brings error. Affirmed.

D. M. Powell, of Greenville, Ala. (Powell & Hamilton, of Greenville, Ala., on the brief), for plaintiff in error.

B. P. Crum and Leon Weil, both of Montgomery, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, suing as the administrator of the estate of Nobie N. Spicer, deceased, on a policy of life insurance dated December 23, 1912, to take effect after its delivery, upon the payment of the first annual premium, as of December 9, 1912, in favor of Samuel C. Spicer, Jr., and Nobie N. Spicer, then husband and wife, whereby the defendant in error agreed—

"to pay $10,000 at the home office of the company in the city and state of New York to the survivor of the insured beneficiary, with right of revoca-

tion, upon receipt at said home office of due proof of the death, first occurring during the continuance of this contract, of either Samuel C. Spicer, Jr., or Nobie N. Spicer."

It was disclosed by pleadings and admissions that the husband murdered the wife by shooting her on February 25, 1913, her death so caused occurring on April 2, 1913; that the husband was duly indicted, tried, and convicted of the crime, and was sentenced therefor to imprisonment in the penitentiary of the state of Alabama for the term of his natural life; that on appeal to the Supreme Court of Alabama from the judgment of conviction it was duly affirmed (198 Ala. 13, 73 South. 396); and that the husband was serving the sentence imposed upon him. The policy contained the following provision:

"*Change of Beneficiary.*—When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured, if there be no existing assignment of the policy made as herein provided, may, while the policy is in force, designate a new beneficiary, with or without reserving right of revocation, by filing written notice thereof at the home office of the company accompanied by the policy for suitable indorsement thereon. Such change shall take effect when indorsed on the policy by the company and not before. If any beneficiary shall die before this policy shall become a claim, the interest of such beneficiary shall vest in the insured."

It was not disclosed that, after the policy went into effect, any change of it in any respect was made or attempted to be made. The claim asserted by the suit is that, the surviving insured, as a result of the crime of which he has been convicted, having been deprived of the right to recover on the policy, the right to recover the stipulated sum is vested in the personal representative of his murdered wife. What is relied on as error is the action of the court in ruling against that claim.

The policy was on the joint lives of the husband and wife, payable to the survivor on the death of either. Connecticut Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251. The liability imposed on the insurer by the policy is purely contractual. That instrument is the measure of the rights of everybody under it. It furnishes no support for a recovery against the insurer by one in whose behalf or favor the insurer has promised to pay nothing in the event of the death of one of the insured, leaving the other surviving. Northwestern Life Insurance Co. v. McCue, 223 U. S. 234, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57. In the absence of any change of beneficiary, made in pursuance of the provision on that subject contained in the policy, the sole obligation imposed by it on the insurer in the event of the death, first occurring during the continuance of the contract of one of the two insured, is to pay to the survivor the sum stated, upon receipt at the place stated of due proof of such death. There is no promise to pay anything to the estate, or to the personal representative, of that one of the two insured whose death first occurs during the continuance of the contract.

The acceptance of the policy evidences the consent of each of the insured that the occurrence, while the policy is in force, of his or her death, the other insured surviving, shall have the effect of entitling

the survivor, and no one else, to the sum payable under the policy. The terms of the policy give to the death of one of the two insured the effect of making the survivor the sole beneficiary. The claim asserted by the suit cannot be sustained without deciding that the insurer is subject to a liability which the terms of its policy do not show it has consented to incur. The fact that the policy contained a provision giving "the insured"—not one of them—the right to designate a new beneficiary is not a material circumstance in the instant case, as that right was not attempted to be exercised.

It was contended in argument that the claim asserted by the suit is supported by the decision in the case of Cleaver v. Mutual Reserve Fund Life Association, 1 Q. B. Law Reports (1902) 147. The facts of that case and the law applicable to it clearly distinguish it from the instant one. That was a suit by the executors of James Maybrick on a life insurance policy issued to him in favor of his wife, Florence E. Maybrick. It was decided that the executors were entitled to recover on the policy, notwithstanding the fact that the death of the insured was caused by the felonious act of the wife. It is clearly disclosed by the opinions rendered in the case that under the law governing the policy the right to maintain an action on it was in the deceased insured's personal representative, not in the person named as beneficiary. The opinions also show that the court decided that, the trust created by the policy in favor of the insured's wife having become incapable of being performed by reason of her crime, an English statute, which was referred to, had the effect of making the insurance money part of the estate of the insured, and recoverable by his legal representative.

That decision furnishes no support for the proposition that the insurance money payable under a life policy in the event of the death of the insured.is recoverable by one to whom in such event the terms of the policy give no right of recovery. The just stated proposition is supported by the decision of the Supreme Court of Oklahoma in the case of Equitable Life Assurance Society v. Weightman, 61 Okl. 106, 160 Pac. 629, L. R. A. 1917B, 1210. The theory relied on by that court to sustain its decision is indicated by the following headnote:

"Where no alternative beneficiary is designated in a contract of life insurance, and the designated beneficiary becomes barred * * * by reason or the fact that she has murdered the assured, in the absence of a statute which provides an alternative beneficiary, by operation of law a trust arises in favor of the estate of the assured, by virtue of which the representative of the assured is entitled to recover the insurance fund."

Of the opinion rendered in that case no more need be said than that it has not convinced us that the rule stated in the quoted headnote is a part of the law governing the policy which is in question in the instant case. So far as we are advised, the law of Alabama, which determines the rights arising from the policy sued on, does not make the insurer in such a policy liable in any contingency to pay anything to the personal representative of that one of the two insured whose death first occurs during the continuance of the policy, by the terms of which in that event the insurance money is payable to the survivor

alone. That law does not give to the making of such a contract the effect of imposing on a party to it a liability not shown by the written instrument evidencing it to have been incurred by such party.

Reference was made in argument to decisions to the effect that, in the case of the murder of the insured by the beneficiary named in a certificate of a mutual benefit society, the amount payable under such certificate in the event of the insured's death is recoverable by his personal representative, or by the person or persons who, under the rules or the law governing the society, are entitled to such amount in case of the death, or ineligibility to take, of the beneficiary named in such certificate. Schmidt v. Northern Life Association, 112 Iowa, 41, 83 N. W. 800, 51 L. R. A. 141, 84 Am. St. Rep. 323; Supreme Lodge Knights and Ladies of Honor v. Menkhausen, 209 Ill. 277, 70 N. E. 567, 65 L. R. A. 508, 101 Am. St. Rep. 239; Sharpless v. Grand Lodge A. O. U. W., 135 Minn. 35, 159 N. W. 1086, L. R. A. 1917B, 670. The difference between a certificate of a benefit society and an ordinary life insurance policy is such (Royal Arcanum v. Behrend, 247 U. S. 394, 38 Sup. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966), as to deprive the just cited decisions of influence in the consideration of the question presented in the instant case. In determining who, if not the beneficiary named, is entitled to the sum payable under a benefit certificate on the death of the insured, the rules of the society and the law governing it generally have controlling effect. The terms of an ordinary life insurance policy determine the purely contractual rights arising out of it, unless a statute provides otherwise.

In the case of New York Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997, it was decided that a result of an assignment by the insured in a life policy of his whole interest to one who was convicted of murdering the insured, and was legally hung for the crime, was that the assignee's representative would alone have a valid claim under the policy, if it were not void in its inception, and that error was committed by the court in refusing to admit testimony that the assignee was instrumental in procuring the issuance of the policy with the purpose of cheating and defrauding the company, and that he caused the death of the insured by felonious means. An unrevoked designation of a sole beneficiary in a life insurance policy itself is not less effective than an assignment of his whole interest by the insured. The unrevoked designation in the policy sued on of the survivor of the two persons jointly insured as the sole beneficiary in the event of the death of the other insured while the policy was in force stands in the way of the personal representative of the deceased insured having any valid claim to the insurance money sought to be recovered.

We think that the foregoing considerations require the conclusion that the court did not err in ruling against the claim asserted by the suit. The judgment is affirmed.