**NEFF, Admr., v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.**

Common Pleas Court, Cuyahoga County.

No. 602393. Decided January 2, 1951.

O. D. Eshelman, Owen C. Neff, Cleveland, for plaintiff.
Roudebush, Adrion, Sanborn, Brown & Corlett, Cleveland, for defendants.

**OPINION**

By LYBARGER, J.

This is an action by the administrator of the estate of Waughnettia Michaels, deceased, against The Massachusetts Mutual Life Insurance Company, to collect the proceeds of an insurance policy upon the life of Waughnettia Michaels. The policy was issued by the defendant company in 1946 in the sum of $1,000.00 with a double indemnity clause.

In 1948 the beneficiary clause of the policy was changed so that at the time of the death of the deceased the proceeds of the policy were payable to the insured's husband, Steven H. Michaels, if living. The policy contained the following clause naming contingent or secondary beneficiaries:

"Upon the death of the survivor of the insured and said husband, any amount then remaining by the terms of the policy shall be apportioned to the insured's stepchildren James G. Michaels and Patricia R. Michaels, and any other child or children born of the marriage of the insured and said husband, equally, or to the survivors or survivor of them, if living."

Steven H. Michaels, husband of the insured and the primary beneficiary in the policy, killed his wife on August 20, 1948. Thereafter he was found guilty and sentenced to the penitentiary for life.

A claim to the proceeds of the policy was then made by Elizabeth Ptak, guardian of both Patricia Ruth Michaels and James G. Michaels, minors, stepchildren of the insured, who were named as secondary beneficiaries in the policy. Thereupon the defendant, The Massachusetts Mutual Life Insurance Company, obtained an order of interpleader and paid to the Clerk of Court the proceeds of the policy in full. Elizabeth Ptak, as guardian of the two minors mentioned above, was then substituted as defendant herein.

In view of these facts, the question before the court is: When an insured has been murdered by the primary beneficiary, should the proceeds of a life insurance policy be paid to the insured's estate or to the persons named in the insurance policy as contingent or secondary beneficiaries?

It is well settled in Ohio that the beneficiary of a life insurance policy can not recover upon it when the death of the insured is caused by his felonious act. The leading authority bearing on this point is the cause of **Fillmore v. The Metropolitan Life Insurance Company, 82 Oh St, 208.** On page 214, the court said:

"* * * And as said by Mr. Justice Field in N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S., 600: 'It would be a reproach to the jurisprudence of the country if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had wilfully fired.'

"* * * 'There can be no recovery in an action founded upon intentional wrong. The beneficiary in an insurance policy cannot recover where the death of assured has been intentionally caused by his act'."

It is also well established as a logical sequence to the above premise, that no person claiming through a beneficiary, who has feloniously caused the death of the insured, can claim the proceeds of the insurance policy. Schmidt v. Northern Life Insurance Co., 112 Iowa 41; 51 A. L. R. 141.

Furthermore, the general rule of law is that where the sole beneficiary forfeits the right to the proceeds of an insurance policy, by reason of having wrongfully killed the insured, the policy is payable to the heirs or personal representative of the insured.

In the case of the **National Benefit Life Insurance Company v. Davis, Administrator, 38 Oh Ap, 454,** the Court of Appeals for Cuyahoga County ably summed up the law upon this issue. On page 458 the court said:

"We quote the following from 25 Cyclopedia of Law and Procedure, page 895: 'If the assignee or beneficiary feloniously causes the death of the insured, there can be no recovery in favor of such wrongdoer under the policy, regardless of whether there is any violation of the stipulations in the policy itself. Where the assignee or beneficiary is thus defeated, the amount of the policy becomes payable to the heirs or personal representatives who in the absence of the assignment or designation of a beneficiary would have been entitled to the proceeds of the insurance'."

It should be noted that the court mentioned that the heirs or personal representatives would have been entitled to the proceeds "in the absence of the assignment or designation of a beneficiary." It is clear that in those cases where the estate

of the insured has been awarded the proceeds of an insurance policy there has been a complete failure of beneficiaries. In these cases either the primary beneficiary has forfeited his right by his felonious act or secondary beneficiaries (some times designated in words such as these: "to ————, beneficiary, his heirs or legal representatives,") have not been able to claim the proceeds because they are not permitted to take through the forfeiting beneficiary. The case of Schmidt v. Northern Life Insurance Company cited above is here in point.

In the instant case, however, there is not a complete failure of beneficiary. It is obvious that the primary beneficiary, Steven H. Michaels, forfeited his right to the proceeds because of his felonious act. However, the contract of insurance named secondary beneficiaries,—persons who do not take through the primary beneficiary. In the contract the insured clearly indicated how the proceeds of the policy were to be paid. There is no reason therefore why the contract should not speak for itself and why its contingent provisions should not be carried out in this case.

On this subject Scott on Trusts says, Section 494.1:

> "If by the terms of the policy * * * an alternative beneficiary is designated, and the principal beneficiary murders the insured, the alternative beneficiary is entitled to the proceeds of the policy."

In the case of Parker v. Potter, 200 N. C. 348, the court was dealing with a situation similar to that in the instant case. The court said:

> "Where a policy of life insurance by its express terms fixes the beneficiary as the mother of the insured in the event of the prior death of the insured's wife, and the insured feloniously kills his wife and then himself, the proceeds of the policy are payable to the insured's mother under the express provisions of the policy contract itself."

For these reasons, it is the opinion of the court that the prayers of the cross petition of the substituted defendants, Elizabeth Ptak, Guardian of the Estate of Patricia Ruth Michaels, a minor, and of the Estate of James G. Michaels, a minor, should be granted and the proceeds of the life insurance policy paid to them in equal portions.