## DUNCAN McDONALD

*v.*

## MARTIN STARK *et al.*

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. APPEALS AND ERRORS—*general objection to admission of secondary evidence does not raise question of sufficiency of foundation.* An objection that proper foundation was not laid for the admission of secondary evidence .cannot be insisted upon, on appeal, unless specifically made in the trial court to afford an opportunity for supplying the proper preliminary proof.

2. EVIDENCE—*what sufficient preliminary proof to admit certified copy of plat.* A certified copy of a plat, shown by the testimony of abstracters and surveyors to be correct, is properly admitted in evidence upon proof that the proper custodian of the original plat had searched for the same in the vault where plats were kept, and in all places where it would likely be found, without success.

3. PLATS—*when plat shows that street was platted four rods wide.* A certificate to a duly executed and recorded plat of a town site, which states that "all streets in said town," except certain ones named, "are all one chain in width," shows upon its face that all streets not named are platted four rods wide, though there are no figures indicating the distance.

4. DEDICATION—*acceptance indicated, in part, by working street is not confined to width worked.* The fact that a street platted as four rods wide is worked by the city to a width of only three rods does not confine the city's acceptance to the part actually worked.

5. SAME—*city's failure to indicate acceptance of street does not affect rights of abutting owners.* Parties purchasing lots with reference to a properly platted street upon which the lots abut are entitled to have such street remain open its entire width, as against the original owner or those in privity with his title, whether the city has indicated its acceptance of the dedication or not.

6. RES JUDICATA—*to be res judicata there must be identity of parties, subject matter and cause of action.* A criminal prosecution for obstructing a street, which was dismissed by the circuit court on appeal, is not a bar to a bill in equity against the same defendant to enjoin him from further obstructing such street, although one of the complainants made the complaint in the criminal suit.

PHILLIPS, J., dissenting.

APPEAL from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

This was a bill filed at the March term of the circuit court of DuPage county by John Knippin and Martin Stark, against Duncan McDonald, for obstructing and encroaching upon a portion of South Railroad street, in the city of Wheaton, DuPage county, and also for an injunction against said defendant, McDonald, enjoining him from further obstructing and encroaching upon said street by erecting and completing any structures or buildings thereon. After the filing of the bill the venue was changed to the circuit court of Kane county, where the cause was heard, but before the decree was entered, John Knippin, one of the original complainants, died, and by an amendment of the bill Christine Knippin, the widow, and the children and heirs of John Knippin, were made complainants in the place of John Knippin, deceased. A decree was entered in their favor and that of Martin Stark, against appellant. Appellant brought this appeal.

The bill alleges that on or about the 20th day of June, 1853, Jesse C. Wheaton and others platted certain lands in Wheaton, which plat is known as the original plat of Wheaton, on which plat South Railroad street was designated; that by the certificate annexed to the plat it is stated that all the streets, except North Railroad, Main and East streets, were one chain in width; that the plat was duly recorded; that afterwards, and about the 2d day of July, 1855, Jesse C. Wheaton and others made a plat known as J. C. Wheaton's addition to Wheaton, on which South Railroad street was indicated as a four-rod street, and on that plat was block 4, abutting on said South Railroad street between Hale and Bird streets; that all such streets were platted and laid out to the width of four rods; that on or about the 8th day of March, 1864, Martin Stark became the owner of lot 1 in said block, by deed duly recorded, and on the 14th of September, 1878, he obtained a conveyance of a strip three rods wide on the south end of lot 2 in block 4 of said addition; that John Knippin, about the 27th day of December, 1871, be-

came the owner of lot 5 of said addition by a conveyance to him, which was duly recorded; that when complainants purchased their respective properties said South Railroad street was a platted street on said original plat and addition, of the width of four rods the entire length of said block 4, and the same was then open and unobstructed to its full width and used and traveled as a public street of said town of Wheaton; that complainants purchased their respective properties in reference to said plat, and were informed thereby that South Railroad street, abutting on said block 4, was a four-rod street, and they relied that it should ever remain so; that north of said block 4 and South Railroad street are located the tracks and right of way of the Chicago and Northwestern Railroad Company, which passes through the city of Wheaton in an easterly and westerly direction; that lying between said right of way and said South Railroad street, directly north of said block 4, is a narrow strip of land shown on said plat but not marked, which was owned by Jesse C. Wheaton when said plats were made; that said Wheaton, about the 10th of July, 1880, conveyed said strip of land to appellant for $336 by deed of that date, which was duly recorded about the 13th day of July in said DuPage county; that soon after receiving said conveyance appellant began to put improvements upon the said premises and began to encroach on said South Railroad street, to which complainants and other property owners objected, but that appellant, in spite of said objections, willfully and maliciously contrived to encroach upon said street and to place permanent structures therein to prevent the public use to the full width of four rods; that in the month of June or July, 1884, certain prosecutions were commenced or threatened against appellant for such encroachments, and thereupon appellant obtained a quit-claim deed from said Jesse C. Wheaton of one rod in width off the north side of said street the entire length of said block 4, which deed was executed about the 11th day

of July, 1884, and duly recorded in DuPage county on the
29th day of October, 1884; that said South Railroad street
was never vacated by the public authorities and that
complainants never acquiesced in placing such alleged
obstructions in the street, but always remonstrated with
appellant for so doing, on the claim that it was a four-
rod street and that such obstructions were an injury to
the property of complainants; that complainant Martin
Stark has upon his said property a hotel building which
for a number of years has been run as a public hotel,
fronting east on said South Railroad street, and the full
width of said street in front thereof is necessary for the
approaches to the said hotel, and that on the premises of
complainant Knippin is situated his dwelling house; that
appellant, McDonald, has commenced to erect an ice
house within the lines of said street, and that complain-
ant Stark, as soon as appellant commenced to erect said
ice house, served him with a written notice protesting
against the said threatened encroachment, but said Mc-
Donald gave no heed thereto, but proceeded, and is now
proceeding, to complete said structure in defiance of the
protests of complainants and other property owners on
the said street whose property will be injured and depre-
ciated thereby, and against the protests of the public
authorities of said city of Wheaton, who have protested
against the said encroachment and the erection of said
buildings and structures, but refuse to bring any action
to prevent the erection of the same or to have them re-
moved; that complainants are remediless except in a court
of equity.    The bill prays that said quit-claim deed from
Jesse C. Wheaton to appellant be set aside, and the dedi-
cation of said South Railroad street, as on the said plat
indicated, be declared effectual to constitute the said
street a four-rod street as the same was platted, and that
appellant be decreed to remove out of said South Rail-
road street the said building and all obstructions placed
thereon by him prior to the commencement of this suit or

during the pendency thereof, and that upon a final hearing a perpetual injunction be decreed enjoining and restraining appellant from further obstructing and encroaching upon said street and from erecting and completing any structures and buildings thereon.

The defendant answered said bill, in which answer he neither admitted nor denied that Jesse C. Wheaton and others laid out and platted the lands mentioned or made the plat known as the original plat of Wheaton, or that any such street as South Railroad street was ever laid out or designated on said plat, and if it was, it was not one chain in width, and neither admitted nor denied that Jesse C. Wheaton and others made a plat known as Jesse C. Wheaton's addition to Wheaton, but called for proof; denied that said South Railroad street was indicated on the said plat, or on any plat, as a four-rod street; denied that when complainants purchased their respective properties said South Railroad street was a platted street of the full width of four rods the entire length of said block 4, and that the same was then open and unobstructed to its full width and used and traveled as a public street of the town of Wheaton, but that said South Railroad street never was open and unobstructed to the width of four rods, was never used and traveled as a public street of Wheaton to the width of four rods, and never was accepted by the incorporated village or city of Wheaton as a street of the width of four rods, and never accepted or worked by the said village or city, or the authorities thereof, to a greater width than three rods; admitted that on the 10th of July, 1880, Jesse C. Wheaton conveyed to defendant a strip of land described in the bill of complaint, and soon thereafter defendant began putting improvements on said premises, but denied that he thereby encroached upon said street, or that there was any collusive or wrongful agreement made with Jesse C. Wheaton to deprive the public, or complainants, of the use or approaches of the said street by the execution of the quit-

claim deed described in said bill of complaint; denied that the public authorities of Wheaton ever protested against defendant putting his buildings where they now are on any claim that it was a four-rod street, but, on the contrary, the authorities of said village or city of Wheaton have always known and accepted the said street as a three-rod street only, and have refused to bring any action to prevent the erection of defendant's buildings or to have them removed, for the reason that they well knew that the said street was only three rods wide and that defendant's buildings do not encroach on the street; alleged that on or about the 24th day of August, 1885, the said Martin Stark, one of the complainants, commenced a proceeding in the name of the People of the State of Illinois, against defendant, for obstructing said South Railroad street by his said buildings and fences, which suit was tried in the circuit court of DuPage county, at the March term, 1887, in which it was determined by the court that defendant was not guilty of obstructing the said street by his said buildings and fences, and that said South Railroad street had never been accepted as a street by the public authorities either of the village or city of Wheaton to a greater width than three rods, and that it was not a street to a greater width than three rods; averred that whether said street was three or four rods in width, or whether he had obstructed the said street, is *res judicata* and cannot be litigated again in this proceeding, but is a bar thereto, and claimed the same right of setting up the same as a bar as though he had pleaded to the same; averred that about the year 1880 defendant began putting buildings and making improvements on the strip of land in question, and erected thereon a blacksmith shop, a house, barn and other improvements, to the value of $2500 or $3000, with the knowledge and acquiescence of the complainants, and neither of them has ever objected to his putting said building and improvements upon the said land, or ever claimed to him that the same, or any

of them, were in said South Railroad street, until the
29th of August, 1893, when a written notice was served
by complainant Martin Stark upon him objecting to the
building of the ice house upon the said premises on the
ground that it was in the street; that the bill in this case
was not filed until the year 1894, and that if complain-
ants ever had any right in said strip of land on account
of its being a part of the street they slept upon such
rights for a long number of years, and did not seek to
enforce them against defendant, and were guilty of *laches*,
and on account of such *laches* have no right to the relief
prayed for, and set up the defense of *laches*.

A replication was filed to the answer, and upon the
hearing on the pleadings and evidence the court rendered
a decree finding that said South Railroad street was
platted and originally laid out four rods wide, and that
it was used and traveled as a public street of the town of
Wheaton to the full width of four rods; that complain-
ants purchased their land relying that South Railroad
street would always remain of the width of four rods;
that defendant encroached with his improvements and
buildings on said street and obstructed the same there-
with, and the municipal authorities of the said town of
Wheaton notified and ordered defendant to remove the
obstruction from said street; that the property of com-
plainants was impaired and injured and its convenient
use destroyed by the buildings and improvements of de-
fendant; that said South Railroad street opposite block
4, for the entire length of the block, was four rods wide;
that defendant remove or cause to be removed all the
buildings and structures erected by him, and that on a
failure to do so a writ or writs be issued on the decree to
carry the same into effect, at the costs of the defendant.

CHARLES WHEATON, for appellant:

Where it does not clearly appear on the plat what the
width of a particular street is, it will be presumed to be

of the width co-extensive with its improvement and use. *Winnetka* v. *Prouty*, 107 Ill. 218.

A mere platting of a street is not sufficient to make a public street of it. It must also be accepted by the public authorities, and it is only a public street to the extent to which it has thus been accepted. *Gentleman* v. *Soule*, 32 Ill. 272; *Insurance Co.* v. *Littlefield*, 67 id. 386; *Princeton* v. *Templeton*, 88 id. 68; *Fish* v. *Havana*, 88 id. 208; *Winnetka* v. *Prouty*, 107 id. 218; *Littler* v. *Lincoln*, 106 id. 353; *Chicago* v. *Gosselin*, 4 Ill. App. 570.

Parties seeking to introduce copies for evidence of contents must show search has been made in all places where the original would likely be found. 1 Greenleaf on Evidence, sec. 558; *Doyle* v. *Wyley*, 15 Ill. 576; *Williams* v. *Case*, 79 id. 356; *Wing* v. *Sherrer*, 77 id. 200.

There must be an acceptance by the public of the street before the withdrawal or abandonment by the owner of the offer to dedicate. *Leach* v. *Waugh*, 24 Ill. 228; *Winnetka* v. *Prouty*, 107 id. 218.

Where a party looks on and suffers another to acquire an interest in lands, or make improvements on lands, on an erroneous supposition of rights, and does not set up any claim of right to the contrary, he will not be permitted afterwards to exercise his legal rights against such person. *Cochran* v. *Harrow*, 22 Ill. 345; *Donaldson* v. *Holmes*, 23 id. 85; *Eldridge* v. *Walker*, 80 id. 270.

One cannot claim the aid of a court of equity and be guilty of *laches* in protecting his rights. *Castner* v. *Walrod*, 83 Ill. 171; *Dickerman* v. *Burgess*, 20 id. 266; *Carpenter* v. *Carpenter*, 70 id. 457; *Williams* v. *Rhodes*, 81 id. 571.

Botsford, Wayne & Botsford, (L. E. DeWoolf, of counsel,) for appellees:

Where a party makes a plat showing a subdivision of land into blocks, lots and streets, and sells lots by the description contained in the plat, the purchasers of such lots have a right to have the streets abutting on their

lots remain open forever. *Smith* v. *Flora*, 64 Ill. 93; *Zearing* v. *Raber*, 74 id. 409; *Gridley* v. *Hopkins*, 84 id. 528; *Lake View* v. *LeBahn*, 120 id. 92.

The rights of such purchasers are not affected by the failure of the municipal authorities to accept the dedication, and purchasers have a right to file a bill to prevent the appropriation of any part of the street to private use. *Marsh* v. *Fairbury*, 163 Ill. 401; *Earll* v. *Chicago*, 136 id. 277.

Public acceptance of a street, evidenced by acts of public authorities in making repairs, will not be confined to the particular portion repaired. *Martin* v. *People*, 13 Ill. 341; *Agricultural Board* v. *Holly*, 169 id. 9; *Earll* v. *Chicago*, 136 id. 277; *Henshaw* v. *Hunting*, 1 Gray, 203; *Morrison* v. *Hinkson*, 87 Ill. 587; *Hart* v. *Albany*, 9 Wend. 584.

Specific objection should be made in the court below that the proper foundation has not been laid for the introduction of a copy of an instrument. *Railroad Co.* v. *Holland*, 122 Ill. 461; *Weber* v. *Mick*, 131 id. 521; *Sullivan* v. *People*, 122 id. 385; *Gillespie* v. *Gillespie*, 159 id. 84.

There can be no estoppel *in pais* when both parties have equal opportunities for ascertaining the facts, and where no inducement is made to influence the act of the opposite party. *Ross* v. *Banta*, 39 N. E. Rep. 732; *Mullaney* v. *Duffy*, 145 Ill. 559; 2 Herman on Estoppel, 1111.

The criminal prosecution for obstructing these streets brought against appellant is not *res judicata* in this proceeding. *People* v. *Stenger*, 86 Ill. 166; *Bentley* v. *O'Bryan*, 111 id. 53; *McCartney* v. *Osburn*, 118 id. 403; *Riverside Co.* v. *Townsend*, 120 id. 9; *Kitson* v. *Farrell*, 132 id. 327; *Stone* v. *United States*, 64 Fed. Rep. 667; *Gayer* v. *Parker*, 39 N. W. Rep. 845.

Mr. Justice Craig delivered the opinion of the court:

The first question to be determined is, was South Railroad street laid out and platted by Jesse C. Wheaton as a street four rods wide opposite block 4? The original plat of the town of Wheaton is dated June 20, 1853,

and is acknowledged and recorded on the same day and year in DuPage county. July 2, 1855, Jesse C. Wheaton platted and acknowledged an addition known as "Jesse C. Wheaton's addition to the town of Wheaton," which was duly recorded July 7, 1855. The original plat of the town of Wheaton and the original plat of Jesse C. Wheaton's addition to the town of Wheaton appear to have been lost, and copies of the original plats were introduced in evidence, which were testified to by abstracters, and persons who had the custody of the original plats before they were lost, as being true and correct copies of the originals. Surveyors who were familiar with the plats, and who made actual surveys, found the record of these plats, and the recitals thereof, to be correct.

Appellant insists that there was not sufficient preliminary proof of the loss of the original plats to allow copies of the same to be introduced in evidence. The objection made by appellant was a general objection. If the proper foundation had not been laid for the introduction of copies of the original plats, specific objection should have been made, so that appellees could have had opportunity to supply the wanting proof. (*Gillespie* v. *Gillespie*, 159 Ill. 84; *Weber* v. *Mick*, 131 id. 520.) An examination, however, of the record shows that proper search was made by the proper custodians of the original plats, in the vault where they were kept and in all places where they would likely be found, but they could not be found. The trial court then properly admitted secondary evidence, or copies of the original plats.

On the question of the platted width of South Railroad street, we find that the premises of appellees in the original plat of Wheaton are included in block 10, and while no width of South Railroad street is indicated by figures within the lines of the street, the certificate to the plat recites, "the streets in said town, with the exception of North Railroad street, Main street and East street, are all one chain in width." South Railroad street

not being mentioned among the exceptions, is one chain, or four rods, in width. In the plat of Wheaton's addition South Railroad street is left the same as in the original plat of the town of Wheaton. By referring to the plat in the record we find that at the intersection of South Railroad street with West street the figures "100" are marked as showing the width of South Railroad street. The certificate to the plat states, "the distances and chains and links will be found designated in figures of this plat." This shows that one hundred links, or four rods, was the platted width of the street. The certificate also shows the plat of Jesse C. Wheaton's addition to the town of Wheaton to be "a re-survey of blocks 9 and 10 of the original town of Wheaton," and also, that "the size of all streets and alleys, lots and blocks in this survey can be seen by reference to the annexed plat." A plat made February 25, 1884, by James M. Vallette, county surveyor of DuPage county, for the city council of Wheaton, shows the width of South Railroad street to be one chain in width, and shows the buildings of the appellant project twenty-five links, or one rod, within the line of the street. An examination of these plats and the descriptive parts of the plats satisfies us that South Railroad street was platted a four-rod street.

It is contended by appellant that the authorities of Wheaton have never worked or accepted the street to a greater width than three rods. South Railroad street was accepted by the public authorities, and was worked and improved opposite block 4, where appellees' property was situated, and three rods of the street has never been obstructed but has been used by the public since it was platted. In *Fairbury Agricultural Board* v. *Holly,* 169 Ill. 9, this court said (p. 16): "The appeal concerns only the portion obstructed by appellant, and in its behalf it is argued that there was only an acceptance of those parts of the alley where work was done by putting in the culvert and tile and filling the road, which was on

another part. The road was a single, direct strip, and the public could not be required to make repairs where not needed, for the purpose of accepting the whole. The acceptance cannot be confined to the particular spots where the work was done, and the public be deprived of the remainder." Neither in the case at bar can the acceptance of South Railroad street be confined to the three rods improved, but must be held to be an acceptance of its entire width of four rods, as originally platted.

But even if the municipal authorities of Wheaton only worked or improved three rods of this street, this cannot affect appellees, whose lots abut on South Railroad street. In *Zearing* v. *Raber,* 74 Ill. 409, it was said (p. 411): "It is unimportant whether the public have so far accepted the dedication as to be bound to keep the street in repair, since the question involved is simply one of private right. * * * If appellee is entitled to have the street kept open for use it will be sufficient." We also in that case approved of the principle laid down in Smith's Leading Cases, and cited from it as follows: "If one owning land exhibit a map of it, on which a street is defined, though not as yet opened, and building lots be sold by him with reference to a front or rear on that street, or lots be conveyed being described as by streets, (*Scheuler* v. *Commonwealth*, 26 Pa. St. 62,) this is an immediate dedication of that street, and the purchasers of lots have a right to have that street thrown open forever." In the case of *Marsh* v. *Village of Fairbury*, 163 Ill. 401, it was said (p. 407): "But in connection with these public rights, those who purchase lots fronting on this park took with reference to the plat and had an appurtenant right therein, which was their own property as a right appurtenant, and that was to have the streets and block 10 remain open for public use. The vendor or those privy to his title would, by his acts in platting and selling lots by this plat, be estopped from enclosing block 10 as a private ground. Such being the case, the question as to whether or not

the village authorities accepted the dedication of that block would not defeat the right of individual purchasers from asserting their rights to have the same open forever for the use of the public." (*Earll* v. *City of Chicago*, 136 Ill. 277.) The evidence shows that appellees purchased their respective lots relying on the plat as to the width of said street, and that it should always remain of the width of four rods.

Appellant argues that this case has been adjudicated once, because one of the appellees, in 1885, made a complaint against the appellant, and a warrant issued in the name of the People for obstructing this north one rod of South Railroad street, and the circuit court dismissed the prosecution on appeal. To make a former action *res judicata* there must be identity in the thing sued for, identity of the cause of action and identity of persons and parties to the action. The criminal action was in the name of the People of the State of Illinois, and not in the name of appellee Stark, as an individual. There was no identity to the action, and it cannot be a bar to this action.

Appellant insists, also, that appellees are not entitled to relief because they were guilty of *laches*, and acquiesced in appellant's use of the street, and therefore are estopped from asserting that appellant's buildings are in the street. The proof shows appellees did not acquiesce in appellant's use of the north one rod of said South Railroad street. Martin Stark, one of the appellees, made the complaint in the criminal proceedings in the name of the People against appellant for obstructing the street. A notice was also served by Stark on appellant, McDonald, August 29, 1893, notifying him to refrain from erecting an ice house within the lines of South Railroad street, and another notice was served by John Knippin and Stark on April 18, 1895, protesting, as property owners, against McDonald erecting any building on the north side of the street that would obstruct or encroach upon the street at a less width than four rods. These notices,

instead of showing acquiescence on the part of appellees, expressly show that appellees remonstrated against appellant obstructing the street, and that appellant knowingly persisted in erecting buildings within the line of said street. The deed received by appellant July 10, 1880, from Jesse C. Wheaton was notice to him that the land conveyed abutted on a four-rod street, and his subsequent procurement of a quit-claim deed of the north one rod of the street from Wheaton, who had platted it and had sold lots to others abutting on said street, shows an attempt on appellant's part to knowingly continue his trespass.

In the case of *Village of Wayzata* v. *G. N. Ry. Co.* 46 Minn. 505, the court said: "One who enters upon and possesses land of another without right,—a mere trespasser and knowing he is such,—cannot, no matter to what use he may put it nor how much he may improve or expend upon it, claim that the owner is estopped, by mere delay in ousting him, to seek a remedy, legal or equitable, appropriate to the case. In such case, so long as the latter remains the owner such remedies are open to him unless barred by the statute."

In the case of *Mullaney* v. *Duffy*, 145 Ill. 559, this court said (p. 565): "If it is intended to insist that appellee is estopped by conduct from asserting his right, and if it be conceded that such defense is available at law, the effect of the estoppel being to prevent showing the truth, the rule is that it must be strictly made out. Where the estoppel is sought to be established from the silence of the party who, in equity and good conscience, should have spoken, as it is here, if there be any ground of estoppel it is essential that the party should have had knowledge of the facts and the other party have been ignorant of the truth, and have been misled into doing that which he would not have done but for such silence. (*Smith* v. *Newton*, 38 Ill. 230; *Commercial Ins. Co.* v. *Ives*, 56 id. 402; *Noble* v. *Chrisman*, 88 id. 186; *Hill* v. *Blackwelder*, 113 id. 283.) The facts which would have led to accurate knowledge

of the boundary between the lots were open equally to the parties, and could be availed of by one as readily as the other. Appellant at no time sought information from appellee as to the boundary, nor did appellee at any time do or say anything the effect of which would be to mislead appellant in respect of the same."

Appellees, having an easement in the street, have a right to have the same kept open its entire width. The evidence shows a statutory plat of the original town of Wheaton, and of Jesse C. Wheaton's addition to the town of Wheaton, and that South Railroad street was platted four rods in width. The north one rod has been obstructed by appellant. As was said in *Zearing* v. *Raber*, *supra*, (on p. 412): "If the owner of land * * * exhibits a plan of the town, with various plats of spare ground, * * * and sells the lots with clear reference to that plan, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege and advantage which the plan represents as belonging to them as a part of the town, or to their owners as citizens of the town. * * * The sale and conveyance of lots in the town and according to its plan imply a grant or covenant to the purchasers that the streets and other public places indicated as such upon the plan shall be forever open to the use of the public, free from all claim or interference of the proprietor inconsistent with such use." *Maywood Co.* v. *Village of Maywood*, 118 Ill. 61.

The evidence shows appellees are entitled to the relief prayed for in the bill, irrespective of the rights of the city of Wheaton. The evidence also shows the obstructions are a nuisance and threaten to become permanent, and are injurious to the property of appellees, which is a well recognized ground for equitable interposition.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE PHILLIPS, dissenting.