James Kelley et al., Appellants, v. George P. Baggott et al., Appellees.

filed December 26, 1933.   Rehearing denied February 26, 1934.

D. F. MOORE and WIRT HERRICK, for appellants.

MOSES PULVERMAN, WILLIAMS & HARRISON and FERRELL & HAY, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellants brought an action of trespass on the case, as general depositors of the Zeigler State Bank, previously closed as insolvent, against appellees, the directors of such institution, to recover for loss of their deposits.

The declaration, consisting of a single count, in substance charged that the bank was operating as such between October 1, 1929, and December 4, 1930, on which latter date it was closed by the auditor of public accounts, as insolvent; that relying upon the solvency of the bank, appellants, during such period of time, deposited therein $3,281.20; that during such time, appellees were directors, and under the duty of ascertaining and knowing the financial condition of the bank, of examining, at times, into its affairs, of using ordinary care in having the assets carried on its books at a reasonable value, and to so hold same out to the public; that appellees could, by the exercise of ordinary care, have known that the bank was insolvent, before and during the time such deposits were made; that appellees neglected and failed to examine into the condition of such bank, and to cause its assets to be carried on the books at their reasonable cash value; but on the contrary, carelessly and negligently held the bank out to the public, during such time, as solvent; that they permitted the assets to be carried on the books at grossly excessive values, and permitted such assets to be so held out to the public; that, as a consequence, appellants were deceived and defrauded into making such deposits, and continuing as creditors, during all of said time, with the result that their deposits were lost.

To this declaration a general and special demurrer was filed, which was sustained by the court. Appellants stood by their declaration, and judgment was

rendered against them, from which they have appealed.

Appellees insist that the declaration amounts to charging a cause for fraud and deceit, while appellants assert that the action, as set forth, is to recover damages from the bank directors, as being guilty of negligence in permitting an insolvent bank to be held out as solvent, and thereby inducing them to make deposits therein, which were lost by reason of such insolvency. The character of an action is determined by the allegations of the declaration, rather than by the form adopted by the pleader. *People ex rel. Ellis v. Healy,* 128 Ill. 9.

A careful examination of the declaration convinces us that it charges appellees with having occasioned appellants a loss by negligently permitting the Zeigler State Bank to be held out as solvent, when it was not, whereby they were induced to become depositors therein, and as a consequence suffered a loss. Holding, as we do, that it was not for fraud and deceit, but rather to recover for a loss resulting from the negligence of the directors, we shall consider it as against the objections which are urged, upon the assumption that it is intended to charge such a ground of action.

Appellees contend that bank directors are not liable directly to depositors for negligence in managing the affairs of a bank, but if it should be held they are accountable therefor, then the omission which will create the liability must be gross, and that the declaration only charges ordinary negligence.

In *Delano v. Case,* 17 Ill. App. 531, an action very similar to the instant case, after a discussion of many authorities, the court concluded: "There are many risks and uncertainties against which a prudent business man never expects the directors or managers of banks to insure him. He knows that for the usual hazards of business he must look to the bank alone. That

for the ordinary negligence of directors, they are responsible alone to their principal, but for such gross negligence or incompetency as shows a reckless disregard of their duty to care for and protect the funds committed to their charge, we think they are directly responsible to the depositor.'' This decision was affirmed by the Supreme Court in *Delano v. Case,* 121 Ill. 247.

The rule was declared in *Holmes v. McDonald,* 226 Ill. 169, at page 176: ''It seems to be a well settled rule that directors, trustees and officers of a corporation are bound to manage the affairs of the corporation with at least ordinary care and prudence, and are liable for loss occasioned by their failure to do so. In accepting such a position the trustee or director undertakes that he possesses and will exercise at least the ordinary knowledge, skill and judgment requisite to the discharge of his duties and that he will be liable for gross negligence.''

The leading and authoritative case of *Briggs v. Spaulding,* 141 U. S. 132, declares the law upon the subject to be: ''Without reviewing the various decisions on the subject, we hold that directors must exercise ordinary care and prudence in the administration of the affairs of a bank, and that this includes something more than officiating as figureheads. They are entitled under the law to commit the banking business, as defined, to their duly authorized officers, but this does not absolve them from the duty of reasonable supervision, nor ought they to be permitted to be shielded from liability because of want of knowledge of wrong-doing, if that ignorance is the result of gross inattention.'' And to the same effect are *United Society of Shakers v. Underwood,* 9 Bush (Ky.) 609, 614, and *Tate v. Bates,* 118 N. C. 287.

In *Murphy v. Candor,* 263 Ill. App. 226, at page 234, the court, in discussing the relations between depos-

itors and directors, states: ''This suit is based solely upon the right of a stockholder in a defunct bank to sue the directors for the fraudulent management of the same. An entirely different situation exists in reference to depositors and other creditors of the bank. They should, and do, have a right of action against the directors and officers of a bank for their negligence and fraudulent use of the funds intrusted to them if a loss has been incurred to such creditors and depositors by such negligence.''

Appellees insist that the doctrine declared in *Delano v. Case, supra,* has been, by implication, overruled in the recent cases of *Becker v. Billings,* 304 Ill. 190, at page 198, and *Cutler v. Hicks,* 268 Ill. App. 161. We are unable to find, in the *Billings* case, any statement which apparently overrules the precept of *Delano v. Case,* while in the *Cutler* case, at the bottom of page 179, in speaking of the appellee, who had brought a suit to set aside a deed as fraudulent, in behalf of certain minors for whom he was guardian, and defining his duties, as to the creditors of the bank, the court said: ''If he were negligent as president or director of the bank, this receiver, appellant, or the creditors, have their action against him.'' Here is an unqualified recognition of the creditor's right of action against a director for loss sustained through his negligence. This is in full accord with, rather than against, the rule as declared in *Delano v. Case, supra.*

It appears to be the law in this State, as well as in other jurisdictions, including the rule laid down by the United States Supreme Court, that bank directors are directly liable to depositors for loss sustained by the latter, resulting from the gross neglect, or reckless disregard of duty, of the former.

It is insisted that even though such be the law of Illinois, yet the declaration is insufficient for the reason that the only charge is ordinary negligence, and

that to comply with the rule, the negligence or inattention must be averred to be gross.

In an action, on the case, to recover compensatory damages, it is sufficient to allege that the acts or omissions complained of resulted from the negligence or carelessness of the defendant. It is not necessary that the declaration charge the negligence to have been gross, and where the right of recovery depends upon the existence of gross or wilful negligence, the matter is said to be one of proof and not of pleading. *Rockford, R. I. & St. L. R. Co. v. Phillips,* 66 Ill. 548; *Chicago, B. & Q. R. Co. v. Carter,* 20 Ill. 390, 391; 45 Corpus Juris, 1090, sec. 662.

Within the rule of the authorities last cited, the allegation, as to negligence, was sufficient, even though, as we hold, the appellants, upon the trial, in order to warrant a recovery in their favor, would be required to prove that appellees had been guilty of gross negligence, or a reckless disregard of duty, as such bank directors.

Appellees, as a further ground of special demurrer, claim that insolvency of the bank is not sufficiently charged. It appears the declaration avers that on December 4, 1930, the auditor of public accounts, after examination, found the bank to be insolvent and closed same, and that it has since remained closed. We regard this as a sufficient averment of the bank's insolvency at the date it was closed.

It is also urged that there is no averment of its insolvency during the period appellants were making their deposits. It is alleged that appellees could, by exercising ordinary care, have known that the bank was insolvent, before and during the time the deposits were made. This charges such fact inferentially, and we think is an adequate averment of the bank's insolvency during such period.

It is further insisted that the allegations relative to insolvency are conclusions, and that no facts are

pleaded from which it might be deduced that the bank was financially irresponsible. The period of time covering the alleged insolvency is from October 1, 1929, to December 4, 1930,—something like 14 months. In order to set out items of fact showing insolvency, during all of such time, it would be necessary to allege the amount of assets and liabilities each day of such period, which would render the declaration protractedly redundant.

In *State v. Illinois Cent. R. Co.*, 246 Ill. 188, at page 236, the court, in discussing the subject, said: "The rule in common law pleadings is, that whenever the enumeration of particulars would lead to great prolixity, a general statement is sufficient." Citing in support, *Smith v. Boston, C. & M. R. Co.*, 36 N. H. 458, and Andrews' Stephen's Pl., 2nd Ed., sec. 223. We regard the averments as sufficient to comply with the rule just stated. Moreover, to have so pleaded the various items, as indicated, would in effect have been to plead the evidence, upon which appellants would necessarily rely to sustain the averments, which is never necessary nor proper. *Duncan v. Dazey,* 318 Ill. 500; 49 Corpus Juris 40, sec. 16.

The contention is further made that the averments with reference to the fair, cash, market value of the assets, and that they were carried on the books at grossly excessive values, during such times, are likewise conclusions, and not based upon any pleaded facts, from which such deduction might be drawn. To have specially pleaded the market value of the respective assets, and the book value of such, from day to day, over a period of 14 months, would have given rise to the same objection existing in the case of the alleged insolvency of the bank, as above referred to, and rendered the declaration prolix, and replete with pleaded items of evidence.

"More particularity in pleading is not required than the nature of the subject is reasonably suscep-

tible of." *Kreitz v. Behrensmeyer,* 125 Ill. 141, at page 172.

In *Miller v. S. S. Kresge Co.,* 306 Ill. 104, at page 107, the court said: "The main purpose of a pleading in courts of law is accomplished when by reasonably intelligible allegations the opposing party is advised of the case to be made against him."

Other special grounds of demurrer were assigned; they, however, were not argued by appellees, hence will be deemed waived. *Keyes v. Kimmel,* 186 Ill. 109; *Lingle v. West Chicago Park Com'rs,* 222 Ill. 384.

For the reasons stated, we are of opinion that the declaration sufficiently states a cause of action against appellees, for negligent discharge of their duties as bank directors, by which a loss was occasioned to appellants, and that the demurrers to the declaration should have been overruled.

The judgment is reversed, and the cause is remanded to the circuit court, with directions to overrule the demurrers to appellants' declaration.

*Reversed and remanded with directions.*