**GELLMAN et al. v. L. KARP & SONS, Inc.**

No. 7035.

Circuit Court of Appeals, Seventh Circuit.

Feb. 2, 1940.

Clarence E. Threedy, of Chicago, Ill., for appellants.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order entered May 17, 1939, dismissing plaintiffs' suit for want of equity. The action of the court was predicated upon the doctrine of res adjudicata.

The instant suit was commenced July 15, 1937, to restrain defendant from infringement of United States Patent No. 2,024,-414, issued December 17, 1935 to the plaintiff, Israel C. Gellman, for a Bread Slicing Machine.

The complaint alleged, among other things, that on the 5th day of February, 1936, Israel C. Gellman filed his complaint in the United States District Court for the Western District of Michigan, Southern Division, charging the Oliver Machinery Company of Grand Rapids, Michigan, with infringement of Claims 4 and 5 of the patent in suit and, that on the 3rd day of April, 1937, that court entered a decree, decreeing and adjudging said claims valid and infringed. It was also averred that the particular slicing machines of the

instant defendant infringe Claims 4 and 5, and are the same or substantially the same structure as the Bread Slicing Machine found by the decree of the Michigan District Court in Israel C. Gellman v. Oliver Machinery Company, to infringe. The present defendant admitted the averments in this respect, but alleged that the above-named decree was not final and, that an appeal had been filed and was docketed in the Circuit Court of Appeals for the Sixth Circuit.

The case was called for hearing September 29, 1938, and was concluded the following day. During the opening statement of plaintiffs' counsel, the court was advised as to the suit in the Michigan District Court, the result thereof, and the fact that it was then pending before the Court of Appeals for that Circuit. It was contended at that time by plaintiffs that the decree of the Michigan Court was res adjudicata. Counsel also advised the court, and requested opposing counsel to correct him if the statement was not correct, that the Oliver Machinery Company, the defendant's manufacturer, had taken over the defense of this case, had control thereof and was paying all expenses in connection therewith. At the time this statement was made, counsel for the defendant remained silent. At no time during the trial did the defendant dispute the assertion made by plaintiffs, but claimed the doctrine was not applicable for the reason that the decree of the Michigan District Court was not final.

At the conclusion of the trial, briefs were submitted and oral argument had. The court, in a written memorandum, expressed the opinion that the decree of the Michigan Court was not final and the doctrine of res adjudicata was not available to the plaintiffs. In view of the appeal pending in the Sixth Circuit, however, the court continued the matter to await the decision of that court. On April 7, 1939, that court entered its opinion reversing the District Court and holding that Claims 4 and 5 were invalid. Oliver Machinery Company v. Gellman, 104 F.2d 11.

On April 14, 1939, the defendant was permitted to amend its answer and plead the decision of the Court of Appeals of the Sixth Circuit, in bar of the present suit. A certified copy of that decision was received in evidence. Whereupon, the court sustained such plea and entered the order of dismissal appealed from.

█ Both sides concede, what undoubtedly is the law, that before res adjudicata may be applied, the parties in the suit must be the same or in privity with each other. There is no dispute but that the patent, the claims sued upon and the accused machines are the same in both suits. There also seems to be no dispute but that Israel C. Gellman, plaintiff in the Michigan case as well as here, is in privity with Gellman Manufacturing Company, his present co-plaintiff. The contention made by plaintiffs is to the effect that there is no privity relation between the instant defendant and the Oliver Machinery Company, defendant in the Michigan suit. The court below found to the contrary and we think properly so.

█ Plaintiffs are rather critical of defendant's tactics in electing to proceed with the trial on the merits, and failing to invoke the doctrine in question until the hearing had been concluded. It seems to us there is little, if any, merit in this argument. It must be remembered the suit was instituted by the plaintiffs, and the defendant was in court and brought to trial at plaintiffs' instigation. It is difficult to see how it could have earlier pleaded the decision of the Court of Appeals of the Sixth Circuit. Neither do we think that it was precluded at any stage from presenting a defense predicated upon a situation developed during the period the case was before the court for decision. True, at the commencement of the hearing, defendant disputed that res adjudicata was applicable—not, however, for the reason that it was not in privity with the Oliver Machinery Company, but on the ground that the Michigan decision was not final.

At that time plaintiffs were contending that the doctrine should be invoked, otherwise there was no occasion for alleging in plaintiffs' complaint the result in the District Court of Michigan. In the opening statement to the court, counsel was yet of the same opinion. It was stated as a fact that the Oliver Machinery Company had taken over and had control of the defense and was paying the expenses in connection therewith. True, defendant's counsel did not expressly affirm or deny this statement, but under the circumstances, we think the court was justified in accepting such statement as an undisputed fact. When the Court of Appeals reversed the decision of the District Court, however, plaintiffs

changed horses and started riding in the opposite direction. The predicament in which counsel oftentimes find themselves in a matter of this character is aptly described by this court in Doherty Research Company v. Universal Oil Products Company, 7 Cir., 107 F.2d 548, 549, and we shall not repeat what was there said.

The order of dismissal is affirmed.